IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1029C<br>(Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that this Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491(a)(1), 28 U.S.C. § 1491(a)(2), and 28 U.S.C. § 1346(a)(2). Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

Plaintiff states that trial of liability and damages should not be bifurcated. Defendant states that trial of liability and damages should be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

At this time, the parties do not believe that additional parties will need to be joined.

g. Dispositive Motions

One or both parties may move for dismissal pursuant to RCFC 12, or for summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether the parties entered into an enforceable express or implied-in-fact agreement in which defendant "agreed to pay all construction and related costs if CHDC relinquished the Head Start ("HS") and Early Head Start ("EHS") Programs."

2. Whether the parties entered into an enforceable express or implied-in-fact agreement in which defendant agreed "that all reasonable and necessary costs would be fairly negotiated and paid, and that all issues relating to the transfer of title, license, leases, liens claims and

other transfer costs would be negotiated and resolved in the ordinary course."

3. Whether defendant properly denied plaintiff its claimed costs and values related to the transfer of title, licenses, leases, liens claims, and other alleged transfer costs in connection with plaintiff's alleged agreement to relinquish its HS and EHS programs and to transfer its property and rights and interests in property to defendant.

4. Whether defendant is liable to plaintiff for non-tort damages for breach of contract claims for the cost of, or values in, the transfer of title, licenses, lease, liens claims, and other alleged transfer costs in connection with plaintiff's alleged agreement to relinquish its HS and EHS programs and to transfer its property and rights and interests in property to defendant.

5. Whether defendant breached any of the agreements plaintiff alleges, and whether plaintiff suffered any injury from the alleged breach or breaches.

i. Settlement

The parties anticipate ongoing consideration of settlement prior to and during the discovery period. Plaintiff requests alternative dispute resolution. Defendant agrees to consider the possibility of alternative dispute resolution prior to and during the discovery period, and prior to trial.

j. Trial

As stated above, one or both parties may move for dismissal pursuant to RCFC 12, or summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that trial would take place in San Francisco, California.

k. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | June 19, 2006 |
| Close of Fact Discovery: | March 16, 2007 |
| Disclosure of Expert Witnesses: | April 20, 2007 |

Respectfully submitted,

s/ Steven D. Cundra
STEVEN D. CUNDRA
Hall, Estill, et al.
1120 20th Street, N.W.
Suite 700, North Building
Washington, D.C. 20036
Tel: (202) 973-1200
Fax: (202) 973-1212

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

March 31, 2006

CERTIFICATE OF FILING

I hereby certify that on this 31st day of March 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease