IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1029C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss the complaint with prejudice for failure to prosecute. In support of this motion we rely upon the pleadings and papers filed in this case and the following brief and attached exhibits.

DEFENDANT'S BRIEF

STATEMENT OF FACTS

On June 23, 2005, plaintiff, California Human Development Corporation ("CHDC"), filed a breach of contract action against the Government alleging that the Government agreed to pay various construction related costs as part of a close out grant if CHDC relinquished its Head Start and Early Head Start Programs. On January 17, 2006, the United States answered plaintiff's complaint.

On April 27, 2006, the Court issued a scheduling order which set March 16, 2007 as the discovery cut-off. During this discovery period, plaintiff has completely refused to participate in discovery. Plaintiff has failed to appear for noticed depositions twice even including CHDC witnesses that were specifically subpoened to ensure their attendance at the depositions. Further,

plaintiff has provided inadequate discovery responses and failed to supplement them. Plaintiff has made it impossible to even schedule depositions by refusing to provide alternate dates for depositions or even return phone calls or respond to letters.

I. Plaintiff's Witnesses Twice Failed To Appear For Noticed Depositions

Defendant originally noticed the deposition of several CHDC witness on February 20, 2007, setting their depositions for March 6-8, 2007. Exhibit A. In our cover letter to the deposition notice, we invited plaintiff to provide other dates for these depositions if the noticed dates were not convenient. Exhibit A. Yet even as the date of this motion, plaintiff has failed to provide any alternate dates for any of the depositions. After having difficulty reaching plaintiff's counsel by telephone, defendant's counsel sent plaintiff's counsel a letter on March 6, 2007 asking plaintiff's counsel to immediately contact defendant's counsel to reschedule the depositions prior to the initial discovery cutoff of March 16, 2007. Exhibit B. Plaintiff's failure to respond to the first deposition notice or to cooperate in rescheduling the depositions resulted in the need for the Government to request that the Court enlarge the discovery cut-off to May 18, 2007. This request was granted by the Court at a status conference on March 15, 2007. During that status conference the Court made it clear to the parties that the Court did not want to move the existing trial date of August 15-21, 2007.

After receiving plaintiff's discovery responses identifying ten CHDC witnesses that CHDC plans to call at trial, defendant served, on April 18, 2007, a second deposition notice setting the deposition of CHDC's ten witnesses for May 1-4, 2007 in San Francisco. Exhibit C. Defendant included with its deposition notice draft subpoenas for three of the CHDC witnesses to ensure that they attended their depositions. Exhibit C. In a cover letter dated April 18, 2007,

we asked plaintiff's counsel whether he would be willing to accept service of these subpoenas. Exhibit C. When we did not hear back from plaintiff's counsel, we were forced to have the subpoenas formally served. The subpoenas were accepted by CHDC's CEO Michael Micciche on April 24, 2007, one week prior to the depositions scheduled for May 1-3, 2007. Exhibit D.

On approximately April 25, 2007, defendant's counsel received voicemail messages from one of the witnesses and from CHDC Deputy CEO Irma Cordova regarding the scheduled depositions. Defendant's counsel did not return these telephone calls, but he did telephone plaintiff's counsel to discuss any scheduling concerns. When defendant's counsel spoke to plaintiff's counsel on the telephone, plaintiff's counsel stated that he was planning on having a conference call with his clients the following day and that he would telephone defendant's counsel in the afternoon of Thursday, April 26, 2007, to discuss any changes to the schedule. After not hearing from plaintiff's counsel on Thursday, defendant's counsel telephoned plaintiff's counsel Friday morning to check on the status of the scheduled depositions. Upon not receiving a return telephone call, defendant's counsel sent plaintiff's counsel an e-mail Friday afternoon stating that having not heard from him, defendant's counsel assumed that the depositions would go forward the following week in California. Exhibit E. Only two business days before the depositions were scheduled to begin, defendant's counsel then received an email from plaintiff's counsel stating that the deposition dates did not work and that plaintiff's counsel and the witness would not attend the depositions. Exhibit F. Later in the day, defense counsel received a further email from plaintiff's counsel stating that he was working with his clients to get available dates and would get back to defendant's counsel as soon as possible. Exhibit G.

On May 1, 2007, defendant's counsel sent a letter to plaintiff's counsel stating all the

efforts made by the defendant to complete discovery as outlined above. Exhibit H. Defendant asked plaintiff to "immediately provide [defendant's counsel] with a schedule of when [plaintiff's counsel] and the witnesses are available to complete [the] depositions." Exhibit H. Defendant also warned plaintiff that "plaintiff's failure to participate in discovery may cause the Court to dismiss plaintiff's complaint. See Wexell v. Komar Industries, Inc., 18 F.3d 916 (Fed. Cir. 1994)." Exhibit H. Nevertheless, despite two deposition notices and three subpoenas as well as pointing out that plaintiff's case may be dismissed for failure to participate in discovery, as of the date of this motion, plaintiff has not provided defendant with any deposition dates for any of the witnesses.

## II. Plaintiff Provided Incomplete Responses To Written Discovery Or No Response At All

On February 9, 2007, the defendant served its First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions on Plaintiff. Exhibit I. After giving itself a two-week extension, on March 30, 2007, defendant received Plaintiff's Responses. Exhibit J. Yet the responses were grossly deficient. In a letter dated April 16, 2007, defendant pointed out the numerous deficiencies in an effort to meet and confer with plaintiff in an attempt to resolve this discovery dispute as required by Rule 37 of the United States Court of Federal Claims prior to filing a motion to compel. Exhibit K.

### A. Deficient Interrogatories

Of the sixteen interrogatories included in the request, plaintiff's responses to seven of the requests were deficient. The specific deficiencies are described below.

#### 1. Interrogatory No. 1

Interrogatory No. 1, asks CHDC to describe its damages claim "in detail," yet CHDC's

response fails to provide any detail and completely omits any damages figures.

2. Interrogatory No. 2

Interrogatory No. 2 asks CHDC to provide a list of factual witnesses and a summary of their testimony. While CHDC did provide a list of witnesses, CHDC did not provide a summary of the witnesses testimony as requested in the interrogatory.

3. Interrogatory No. 8

CHDC's response to Interrogatory No. 8, identifies two contractors and refers generally to "their sub-contractors." The interrogatory specifically asked that "all contractors" be identified. CHDC needs to supplement this response to provide the names of all sub-contractors.

4. Interrogatory No. 10

Interrogatory No. 10 asks CHDC to "Describe in detail all communications regarding your alleged agreement with ACF/HHS as alleged in your Complaint." CHDC's response is deficient because it attempts to limit the response to "primary communications" while the interrogatory asks CHDC to "describe in detail all communications." The request is also deficient because it improperly relies on documents provided to the defendant rather than describing all communications including oral communications as requested in the interrogatory.

5. Interrogatories Nos. 14-16

Worst of all, CHDC failed to provided any response to Interrogatories Nos. 14-16. The interrogatories requested that plaintiff identify facts, witnesses and documents that support any request for admission that plaintiff denied.

B. Deficient Document Requests

With regard to the document requests, plaintiff stated that the documents would be

provided with the responses (response to Request No. 2 ), but no documents were included with the responses. CHDC also stated that it "will produce the requested documents in its possession in accordance with the Rules of the Court." (Request No. 8). Yet plaintiff failed to provide any documents even after this was pointed out to plaintiff in our letter of April 16, 2007. Exhibit K. In addition, the certificate of service for the responses was not signed. Exhibit J. In our letter of April 6, 2007, we pointed out that if we did not receive supplemental responses correcting the deficiencies by April 30, 2007, that we would be forced to file a motion to compel. Exhibit K. Yet as of the date of this motion, we have heard nothing from plaintiff regarding correcting the obvious deficiencies in these responses.

C. Plaintiff Failed to Answer Defendant's Second Set Of Written Discovery

In addition, on April 5, 2007, defendant served upon plaintiff Defendant's Second Set of Interrogatories and Second Request for Admissions. Exhibit L. Plaintiff's response to this second set of discovery was due approximately one week ago on May 10, 2007, but as of the date of this motion, no response to these requests have been received.

## ARGUMENT

### I. Rule 41(b) Provides That An Action May Be Dismissed For Failure Of The Plaintiff To Comply With Discovery Rules Or With Any Order Of The Court

Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC") provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, the court may dismiss on its own motion or defendant may move for dismissal of any action or any claim." RCFC 41(b). "Rule 37(d) provides that if a party fails to answer or object to interrogatories or document requests, 'the court on motion may make such orders in regard to the

failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule.'" Colbert v. United States, 30 Fed. Cl. 95, 97 (1993) (quoting RCFC 37(d)). "Rule 37(b) sets out various sanctions for disobeying discovery orders. RCFC 37(b)(2)(C) authorizes 'dismissing the action.'" Id. (quoting RCFC 37(b)(2)(C)). "Whether dismissal is appropriate depends upon the weight of evidence that plaintiff has been deliberately prosecuting its case in a dilatory fashion, including the litigation history and any justification offered for plaintiff's or his counsel's conduct." Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); Kadin Corp. v. United States, 782 F.2d 175, 177 (Fed. Cir.), cert. denied, 476 U.S. 1171 (1986)). A complete failure to respond to interrogatories and document requests seeking information needed by the defendant before the case can progress is grounds for dismissal. E.g., Cash Express, Inc. v. United States, 23 Cl. Ct. 136, 137 (1991).

In Cash Express, the court ordered the parties to complete discovery by April 16, 1991. The defendant served its first set of written requests upon plaintiff. When plaintiff failed to timely respond to defendant's discovery, defendant's counsel made three attempts to reach plaintiff's counsel by telephone to discuss the discovery responses but none of the telephone calls were returned. Defendant's counsel then sent a letter to plaintiff's counsel asking that plaintiff forward its responses to defendant's discovery requests. Plaintiff never responded to defendant's letter. Defendant's counsel made two more attempts to reach plaintiff's counsel regarding the discovery by leaving another telephone message and sending another letter. Yet plaintiff's counsel did not respond to either of these attempts. When plaintiff failed to respond to defendant's discovery prior to the close of discovery, defendant filed a motion to dismiss for failure to prosecute the day after discovery closed. The court granted defendant's motion and

dismissed plaintiff's case stating:

> Plaintiff failed to respond to defendant's discovery requests even after numerous attempts by government counsel to secure those replies. By so refusing, plaintiff has prevented the orderly and speedy resolution of this case. Additionally, plaintiff has ignored the court's order that the parties complete all discovery in this case by April 16, 1991 . . . When a party decides to ignore this court's discovery schedule and substitute its own, or otherwise fails to comply with the court's orders and Rules, dismissal is proper.

Cash Express, 23 Cl. Ct. at 137 (citing Adkins v. United States, 816 F.2d 1580, 1582-83 (Fed. Cir. 1990)).

In this case, defendant twice noticed the deposition of CHDC's witness and even went to the trouble and expense of serving subpoenas on three of the witness to ensure that the witnesses would appear for their depositions and to attempt to avoid bothering the Court with a motion to compel. Yet on both occasions plaintiff refused to participate in discovery and failed to appear at the depositions or even attempt to reschedule the depositions.

With respect to written discovery, defendant sent two sets of requests to plaintiff. Plaintiff responded only to the first set of requests providing patently deficient responses and even failing to provide any answer at all to three of the interrogatories. Plaintiff ignored defendant's letter pointing out the deficiencies in plaintiff's responses and, as of the date of this motion, plaintiff has not responded to that letter nor has plaintiff provided any response to Defendant's Second Set of Interrogatories and Second Request for Admissions. Plaintiff also failed to provide any documents responsive to our document requests.

Defendant requires depositions of plaintiff's witness and responses to defendant's legitimate discovery requests in order to prepare its defense to plaintiff's claims. As this motion is being filed on the day of the discovery cutoff of May 18, 2007, discovery is now closed.

Defendant's counsel has made numerous attempts complete the necessary depositions and to secure a response from plaintiff to defendant's legitimate discovery requests prior to the close of discovery. Plaintiff, however, has ignored two deposition notices and subpoenas and has provided no excuse for its failure to respond to defendant's discovery requests. Plaintiff has not requested an extension to respond to defendant's second set of written discovery and has not filed a motion to enlarge the discovery cutoff. As a result, Plaintiff has refused to comply with this Court's April 27, 2006 order setting a discovery cutoff of March 16, 2007 and this Court's order of March 19, 2007 enlarging the discovery cutoff to May 18, 2007. "When a party decides to ignore this court's discovery schedule and substitute its own, or otherwise fails to comply with the court's orders and Rules, dismissal is proper." Cash Express, 23 Cl. Ct. at 137. This Court should dismiss plaintiff's complaint with prejudice pursuant to Rule 41(b).

In the alternative, if this Court does not dismiss the action with prejudice, defendant requests that this Court issue an order providing that all ten of plaintiff's witnesses travel to Washington D.C. for depositions at plaintiff's expense and that plaintiff responded to all outstanding interrogatories, including providing supplemental responses to correct the deficiencies noted above and produce all requested documents within one-week of the Court's order ruling on this motion. Further, defendant requests that all of the requests for admissions included in defendant's second requests for admissions which plaintiff did not answer be deemed admitted pursuant to Rule 36 (a) and "conclusively established," pursuant to Rule 36(b) and that defendant be allowed 60 days to conduct follow-up discovery after defendant receives plaintiff's discovery responses and production of all responsive documents and that plaintiff not be allowed to conduct any discovery during this period.

## CONCLUSION

For the foregoing reasons, the United States respectfully moves the Court to dismiss the complaint with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tele: (202) 307-0315
robert.bigler@usdoj.gov

May 18, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ Robert C. Bigler