# Exhibit A

**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Tel: (202)307-0315
Fax: (202)514-8624

BGS:RBIGLER
DJ No. 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

*Washington, D.C. 20530*

February 20, 2007

Steven D. Cundra, Esq.
Hall, Estill, et al. LLP
1120 20th Street, N.W.
Suite 700 North Building
Washington D.C. 20036

Re: <u>CHDC v. U.S., No. 05-1029 (Ct. Fed. Cl.)</u>

Dear Mr. Cundra:

Enclosed please find defendant United States' Notice of Depositions to CHDC. I have scheduled the depositions for March 6-8, 2007 in San Francisco. However, if other dates are more convenient for you or the witnesses, please let me know and I will be happy to reschedule. Please keep in mind that discovery currently ends on March 16, 2007 and the depositions must be completed prior to the discovery cut-off.

If you have any questions regarding any of the above, please feel free to contact me.

Very truly yours,

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch

Enclosure

cc: Paul Johnson, Esq.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | No. 05-1029C |
| v. | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITIONS**

To: California Human Development Corporation ("CHDC")
c/o Steven D. Cundra
Hall, Estill, et al.
1120 20th Street, NW
Suite 700, North Building
Washington, D.C. 20036

Please take notice that pursuant to Rule 30 of the Rules of the United States Court of Federal Claims, the United States will take the oral deposition of the following witnesses in their capacity as witnesses to events surrounding the above-styled action on March 6, 2007, through March 8, 2007, beginning at 9:30 a.m.:

Chris Paige
Jose Bernardo
Yolanda Rinaldo

The depositions will take place in the Office of General Counsel for the Department of Health and Human Services, 50 United Nations Plaza, Room 420, San Francisco, California 94102, telephone: (415) 437-8181. The depositions will commence at 9:30 a.m. and will continue until completed, before a court reporter authorized to administer oaths. The witnesses are instructed to bring any and all materials upon which they intend to rely in support of their

testimony.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

BRYANT G. SNEE
Assistant Director

ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street
Washington, D.C. 20530
Tel. (202) 307-0315
Fax. (202) 514-8624

February 20, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February 2007, I caused to be sent by U.S. Mail a copy of the foregoing "NOTICE OF DEPOSITIONS" addressed as follows:

Steven D. Cundra
Hall, Estill, et al.
1120 20th Street, N.W.
Suite 700, North Building
Washington, DC 20036
Tel: (202) 973-1200

[signature]

# Exhibit B

U.S. Department of Justice

Civil Division
Commercial Litigation Branch
Tel: (202)307-0315
Fax: (202)514-8624

BGS:RBIGLER
DJ No. 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

*Washington, D.C. 20530*

Via Facsimile & U.S. Mail

March 6, 2007

Steven D. Cundra, Esq.
Hall, Estill, et al. LLP
1120 20th Street, N.W.
Suite 700 North Building
Washington D.C. 20036

Re: <u>CHDC v. U.S., No. 05-1029 (Ct. Fed. Cl.)</u>

Dear Mr. Cundra:

As you know, we previously noticed the depositions of three CHDC witnesses for March 6-8, 2007 in San Francisco. I telephoned you last week to inquire as to whether the witnesses will appear on the dates noticed or if the depositions need to be rescheduled. When you did not return my telephone call, I sent you an email asking you to call me to discuss the deposition dates. You responded that the noticed dates conflicted with your schedule and that you would call me by close of business on February 28, 2007, to discuss the depositions. After not hearing from you again, I telephone you on March 1st and was able to speak with you. You again stated that you were not available to complete the depositions as scheduled for March 6-8, 2007, but stated that you would discuss the depositions with your client and get back to me on Friday, March 2, 2007. As of the date of this letter I have not heard back from you. Again, the depositions must be completed prior to the current discovery cut-off of March 16, 2007, please contact me immediately to reschedule the depositions or I will be forced to file a motion to compel the appearance of the witnesses.

Very truly yours,

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch

cc: Paul Johnson, Esq.

# Exhibit C

**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Tel: (202)307-0315
Fax: (202)514-8624

BGS:RBIGLER
DJ No. 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

*Washington, D.C. 20530*

Via Electronic Mail & U.S. Mail

April 18, 2007

Steven D. Cundra, Esq.
Roetzel & Andress
1025 Connecticut Ave. NW
Suite 220
Washington D.C. 20036-5405

Re: CHDC v. U.S., No. 05-1029 (Ct. Fed. Cl.)

Dear Mr. Cundra:

Enclosed please find defendant United States' Notice of Depositions to CHDC. I have scheduled the depositions for May 1-4, 2007 in San Francisco. I have also enclosed copies of subpoenas to Jose Bernardo, Yolanda Rinaldo and Chris Paige. Please let me know by noon on Friday, April 20, 2007 whether you will accept service of these subpoenas. If I do not hear from you by noon on Friday, I will have the subpoenas served on these witnesses. If you have any questions regarding this matter, please feel free to contact me.

Very truly yours,

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch

Enclosures

cc: Paul Johnson, Esq.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | No. 05-1029C |
| v. | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITIONS**

To: California Human Development Corporation ("CHDC")
c/o Steven D. Cundra
Roetzel & Andress
1025 Connecticut Ave. NW
Suite 220
Washington D.C. 20036-5405
Tel: (202) 625-0600

Please take notice that pursuant to Rule 30 of the Rules of the United States Court of Federal Claims, the United States will take the oral deposition of the following witnesses in their capacity as witnesses to events surrounding the above-styled action on May 1, 2007, through May 4, 2007, beginning at 9:00 a.m.:

| | |
|---|---|
| | May 1st |
| 9:00 a.m. | Jose Bernardo |
| 1:00 p.m. | Louis Flores |
| | May 2nd |
| 9:00 a.m. | Yolanda Rinaldo |
| 11:00 a.m. | Joe Benatar |
| 2:00 p.m. | George Ortiz |
| | May 3rd |
| 9:00 a.m. | Chris Paige |
| 2:00 p.m. | Robert Scharf |

| | |
|---|---|
| | May 4th |
| 9:00 a.m. | Andrew Haung |
| 11:00 a.m. | Kevin Flores |
| 2:00 p.m. | Harvey Aytch |

The depositions will take place in the Office of General Counsel for the Department of Health and Human Services, 90 7th Street, Suite 4-500, San Francisco, California 94103, telephone: (415) 437-8181. The depositions will commence at 9:00 a.m. and will continue until completed, before a court reporter authorized to administer oaths. The witnesses are instructed to bring any and all materials upon which they intend to rely in support of their testimony..

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street
Washington, D.C. 20530
Tel. (202) 307-0315
Fax. (202) 514-8624

April 18, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April 2007, I caused to be sent by U.S. Mail a copy of the foregoing "NOTICE OF DEPOSITIONS" addressed as follows:

Steven D. Cundra
Roetzel & Andress
1025 Connecticut Ave. NW
Suite 220
Washington D.C. 20036-5405
Tel: (202) 625-0600

# UNITED STATES COURT OF FEDERAL CLAIMS

CALIFORNIA HUMAN DEVELOPMENT CORPORATION,

PLAINTIFF,

V.

THE UNITED STATES,

DEFENDANT.

## *SUBPOENA*

No. 05-1029C
(Chief Judge Williams)

To: Jose Bernardo
California Human Development Corporation
Executive Office
2945 Ramco Street, Suite 195
West Sacramento, CA 95691
(916) 371-8220

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of the General Counsel<br>Department of Health and Human Services<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103 | MAY 1, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE At place and time of deposition above. | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant | April 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT C. BIGLER, U.S. Department of Justice, Civil Division, 1100 L. Street, N.W., Suite 12066, Washington, DC 20530 (202)307-0315

**NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.**

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

SERVED ON (Print Name) MANNER OF SERVICE

SERVED BY (Print Name) TITLE

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________
Date

Signature of Server

Address of Server

RUSCFC 45, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iii) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,
the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES COURT OF FEDERAL CLAIMS

CALIFORNIA HUMAN DEVELOPMENT CORPORATION,

PLAINTIFF,

V.

THE UNITED STATES,

DEFENDANT.

## *SUBPOENA*

No. 05-1029C
(Chief Judge Williams)

To: Yolanda Rinaldo
California Human Development Corporation
Executive Office
2945 Ramco Street, Suite 195
West Sacramento, CA 95691
(916) 371-8220

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of the General Counsel<br>Department of Health and Human Services<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103 | MAY 2, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| At place and time of deposition above. | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant | April 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT C. BIGLER, U.S. Department of Justice, Civil Division, 1100 L. Street, N.W., Suite 12066, Washington, DC 20530 (202)307-0315

**NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.**

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

SERVED ON (Print Name) MANNER OF SERVICE

SERVED BY (Print Name) TITLE

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________
Date

Signature of Server

Address of Server

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iii) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES COURT OF FEDERAL CLAIMS

CALIFORNIA HUMAN DEVELOPMENT CORPORATION,

PLAINTIFF,

V.

THE UNITED STATES,

DEFENDANT.

***SUBPOENA***

No. 05-1029C
(Chief Judge Williams)

To: Chris Paige
California Human Development Corporation
Executive Office
2945 Ramco Street, Suite 195
West Sacramento, CA 95691
(916) 371-8220

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Office of the General Counsel<br>Department of Health and Human Services<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103 | MAY 3, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
| At place and time of deposition above. | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
| --- | --- |
| [signature]<br>Attorney for Defendant | April 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT C. BIGLER, U.S. Department of Justice, Civil Division, 1100 L. Street, N.W., Suite 12066, Washington, DC 20530 (202)307-0315

**NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.**

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

SERVED ON (Print Name) MANNER OF SERVICE

SERVED BY (Print Name) TITLE

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________
Date

Signature of Server

Address of Server

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit D

# UNITED STATES COURT OF FEDERAL CLAIMS

CALIFORNIA HUMAN DEVELOPMENT CORPORATION,

PLAINTIFF,

V.

THE UNITED STATES,

DEFENDANT.

***SUBPOENA***

No. 05-1029C
(Chief Judge Williams)

To: Chris Paige
California Human Development Corporation
Executive Office
2945 Ramco Street, Suite 195
West Sacramento, CA 95691
(916) 371-8220

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of the General Counsel<br>Department of Health and Human Services<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103 | MAY 3, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE At place and time of deposition above. | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant | April 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT C. BIGLER, U.S. Department of Justice, Civil Division, 1100 L. Street, N.W., Suite 12066, Washington, DC 20530 (202)307-0315

NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

## PROOF OF SERVICE

SERVED Time: 1:24 PM Date 4-24-07 Place 2945 Ramco Street, Suite 195, West Sacramento, CA

SERVED ON (Print Name): Michael J. Micciche, President

MANNER OF SERVICE: Authorized to accept

SERVED BY (Print Name): Jason Marshall

TITLE: Private Process Server

☐ Fees tendered for one day's attendance and mileage allowed by law.

(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on APR 25 2007
Date

Signature of Server

Address of Server: Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES COURT OF FEDERAL CLAIMS

CALIFORNIA HUMAN DEVELOPMENT CORPORATION,

PLAINTIFF,

V.

THE UNITED STATES,

DEFENDANT.

***SUBPOENA***

No. 05-1029C
(Chief Judge Williams)

To: Yolanda Rinaldo
California Human Development Corporation
Executive Office
2945 Ramco Street, Suite 195
West Sacramento, CA 95691
(916) 371-8220

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of the General Counsel<br>Department of Health and Human Services<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103 | MAY 2, 2007<br>9:00 a.m. |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE At place and time of deposition above. | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant | April 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT C. BIGLER, U.S. Department of Justice, Civil Division, 1100 L. Street, N.W., Suite 12066, Washington, DC 20530 (202)307-0315

NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

## PROOF OF SERVICE

Time; 1:24 PM SERVED Date 4-24-07 Place 2945 Ramco Street, Suite 195, West Sacramento, CA

SERVED ON (Print Name) Michael J. Macciche, President

MANNER OF SERVICE Authorized to accept

SERVED BY (Print Name) Jason Marshall

TITLE Private Process Server

☐ Fees tendered for one day's attendance and mileage allowed by law.

(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on APR 25 2007
Date

Signature of Server [signature]

Address of Server Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES COURT OF FEDERAL CLAIMS

CALIFORNIA HUMAN DEVELOPMENT CORPORATION,

PLAINTIFF,

V.

THE UNITED STATES,

DEFENDANT.

***SUBPOENA***

No. 05-1029C
(Chief Judge Williams)

To: Jose Bernardo
California Human Development Corporation
Executive Office
2945 Ramco Street, Suite 195
West Sacramento, CA 95691
(916) 371-8220

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of the General Counsel<br>Department of Health and Human Services<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103 | MAY 1, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE At place and time of deposition above. | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant | April 18, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

ROBERT C. BIGLER, U.S. Department of Justice, Civil Division, 1100 L. Street, N.W., Suite 12066, Washington, DC 20530 (202)307-0315

NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

## PROOF OF SERVICE

Time: 1:24 PM Date 4-24-07 Place 2945 Ramco Street, Suite 195, West Sacramento, CA
SERVED

SERVED ON (Print Name) MANNER OF SERVICE
Michael J. Micciche, President Authorized to accept

SERVED BY (Print Name) TITLE
Jason Marshall Private Process Server
☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on APR 25 2007
Date

Signature of Server [signature]

Address of Server Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit E

**Bigler, Robert (CIV)**

---

**From:** Bigler, Robert (CIV)
**Sent:** Friday, April 27, 2007 2:50 PM
**To:** 'scundra@ralaw.com'
**Subject:** CHDC Depositions

Steve,

As you know, we noticed the deposition of many CHDC witnesses to occur next week May 1-4. We also served subpoenas on three of the witnesses to ensure that they appear for their depositions.

I spoke to you on Wednesday, April 25th and you stated that you would discuss the depositions with your client and get back to me Thursday afternoon regarding any changes to the schedule. Having not heard from you, I left you a voicemail message this Friday morning, but you have not returned my call. As I have not heard from you, I assume that the depositions are going forward and I plan on traveling to San Francisco on Monday and beginning the depositions on Tuesday. If the witnesses do not show up for the depositions, I plan to move to dismiss your client's case for failure to participate in discovery when I return from California.

Sincerely,
Bob Bigler

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 12066
Washington, D.C. 20530 (20005 for non-postal deliveries)
Tel: (202)307-0315
Fax: (202)514-8624

# Exhibit F

**From:** Cundra, Steve
**To:** Bigler, Robert (CIV);
**cc:** Watson, Sarah;
**Subject:** Re: CHDC Depositions
**Date:** Friday, April 27, 2007 3:18:40 PM

Bob:

I was in court today and will b e back in the office shotrly. The dates0 are 0not good for me and the witnesses. I spoke with the client yesterday evening and they are getting me a vailable datesm. I also need dates for four of your witnesses.

Sarah:

Forward this to the client. Thanks.

Steve

-----Original Message-----
From: Bigler, Robert (CIV) <Robert.Bigler@usdoj.gov>
To: Cundra, Steve
Sent: Fri Apr 27 14:50:24 2007
Subject: CHDC Depositions

Steve,

As you know, we noticed the deposition of many CHDC witnesses to occur next week May 1-4. We also served subpoenas on three of the witnesses to ensure that they appear for their depositions.

I spoke to you on Wednesday, April 25th and you stated that you would discuss the depositions with your client and get back to me Thursday afternoon regarding any changes to the schedule. Having not heard from you, I left you a voicemail message this Friday morning, but you have not returned my call. As I have not heard from you, I assume that the depositions are going forward and I plan on traveling to San Francisco on Monday and beginning the depositions on Tuesday. If the witnesses do not show up for the depositions, I plan to move to dismiss your client's case for failure to participate in discovery when I return from California.

Sincerely,
Bob Bigler

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 12066

Washington, D.C. 20530 (20005 for non-postal deliveries)
Tel: (202)307-0315
Fax: (202)514-8624

Any federal tax advice contained herein or in any attachment hereto is not intended to be used, and cannot be used, to (1) avoid penalties imposed under the Internal Revenue Code or (2) support the promotion or marketing of any transaction or matter. This legend has been affixed to comply with U.S. Treasury Regulations governing tax practice.

# Exhibit G

**Bigler, Robert (CIV)**

**From:** Cundra, Steve [SCundra@ralaw.com]
**Sent:** Friday, April 27, 2007 3:57 PM
**To:** Bigler, Robert (CIV)
**Cc:** Watson, Sarah
**Subject:** RE: CHDC Depositions

Bob:

I am back now if you want to talk. The witnesses CHDC is interested in are Colleen Graham (sp?), Marti Tom, Jerry Gomez and Sharon Fujin (sp?). I will check the spellings. the DC guy wants to be deposed in DC, though the date you have chosen is not available for him. I have asked him for available dates as well (though I did not talk to him yesterday). I am looking to do all of the California witnesses in one trip and the client is arranging the dates. I will get back to you as soon as I hear more. I will try to get you an update as soon as possible. Thanks.

Steve

---

**From:** Bigler, Robert (CIV) [mailto:Robert.Bigler@usdoj.gov]
**Sent:** Friday, April 27, 2007 3:50 PM
**To:** Cundra, Steve
**Subject:** RE: CHDC Depositions

ok. I will send you a letter on Monday.

---

**From:** Cundra, Steve [mailto:SCundra@ralaw.com]
**Sent:** Friday, April 27, 2007 3:19 PM
**To:** Bigler, Robert (CIV)
**Cc:** Watson, Sarah
**Subject:** Re: CHDC Depositions

Bob:

I was in court today and will b e back in the office shotrly. The dates0 are 0not good for me and the witnesses. I spoke with the client yesterday evening and they are getting me a vailable datesm. I also need dates for four of your witnesses.

Sarah:

Forward this to the client. Thanks.

Steve

-----Original Message-----
From: Bigler, Robert (CIV) <Robert.Bigler@usdoj.gov>
To: Cundra, Steve
Sent: Fri Apr 27 14:50:24 2007
Subject: CHDC Depositions

Steve,

As you know, we noticed the deposition of many CHDC witnesses to occur next week May 1-4. We also served subpoenas on three of the witnesses to ensure that they appear for their depositions.

I spoke to you on Wednesday, April 25th and you stated that you would discuss the depositions with your client and get back to me Thursday afternoon regarding any changes to the schedule. Having not heard from you, I left you a voicemail message this Friday morning, but you have not returned my call. As I have not heard from you, I assume that the depositions are going forward and I plan on traveling to San Francisco on Monday and beginning the depositions on Tuesday. If the witnesses do not show up for the depositions, I plan to move to dismiss your client's case for failure to participate in discovery when I return from California.

Sincerely,
Bob Bigler

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 12066
Washington, D.C. 20530 (20005 for non-postal deliveries)
Tel: (202)307-0315
Fax: (202)514-8624

Any federal tax advice contained herein or in any attachment hereto is not intended to be used, and cannot be used, to (1) avoid penalties imposed under the Internal Revenue Code or (2) support the promotion or marketing of any transaction or matter. This legend has been affixed to comply with U.S. Treasury Regulations governing tax practice.

Any federal tax advice contained herein or in any attachment hereto is not intended to be used, and cannot be used, to (1) avoid penalties imposed under the Internal Revenue Code or (2) support the promotion or marketing of any transaction or matter. This legend has been affixed to comply with U.S. Treasury Regulations governing tax practice.

# Exhibit H

**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Tel: (202)307-0315
Fax: (202)514-8624

BGS:RBIGLER
DJ No. 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

*Washington, D.C. 20530*

Via Electronic Mail & U.S. Mail

May 1, 2007

Steven D. Cundra, Esq.
Roetzel & Andress
1025 Connecticut Ave. NW
Suite 220
Washington D.C. 20036-5405

Re: <u>CHDC v. U.S., No. 05-1029 (Ct. Fed. Cl.)</u>

Dear Mr. Cundra:

As you know, we originally noticed the deposition of several CHDC witness on February 20, 2007, setting their depositions for March 6-8, 2007. In our cover letter to the deposition notice, we invited you to provide other dates for these depositions if these dates did not work for you or your client. Even as of the date of this letter, you have failed to provide any alternate dates for the depositions. This delay resulted in the need to request that the Court enlarge the discovery cut-off to May 18, 2007. During our status conference on March 15, 2007, Judge Williams made it clear that she does not want to move the existing trial dates of August 15-21, 2007. Yet if none of the depositions are completed prior to the discovery cut-off, the trial date will have to be delayed.

After receiving plaintiff's discovery responses identifying ten CHDC witnesses that CHDC plans to call at trial, on April 18, 2007, we noticed the deposition of CHDC's ten witnesses scheduling their depositions for May 1-4, 2007. We also drafted subpoenas for Yolanda Rinaldo, Chris Paige and Jose Bernardo to ensure that they attended their depositions. In a letter dated April 18, 2007, we asked whether you would be willing to accept service of these subpoenas. When we did not hear back from you, we were forced to have the subpoenas formally served. The subpoenas were accepted by CHDC's CEO Michael Micciche.

On approximately April 25, 2007, I received voicemail messages from one of the witnesses and from CHDC Deputy CEO Irma Cordova regarding the scheduled depositions. I did not return their telephone calls but I did telephone you to discuss their scheduling concerns. When I spoke to you on the telephone, you stated that you were planning on having a conference call with your clients the following day and that you would telephone me in the afternoon of Thursday, April 26, 2007, to discuss any changes to the schedule. After not hearing from you on Thursday, I telephoned you Friday morning to check on the status of the scheduled depositions.

# Exhibit I

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-1029C<br>(Judge Williams) |

DEFENDANT'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS

Defendant United States hereby requests that plaintiff, California Human Development Corporation ("CHDC"), answer the following interrogatories under oath, produce to defendant the documents requested below and answer the following requests for admissions under oath in accordance with Rules 33, 34 and 36 of the Rules of the United States Court of Federal Claims ("RCFC"), respectively.

Pursuant to RCFC 26(e), these interrogatories, production requests and requests for admissions shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information and/or discovers additional documents after service of its original response. Supplemental responses shall be served from time to time, but not later than 10 days after the additional information has been obtained.

DEFINITIONS AND INSTRUCTIONS

A. The terms, "plaintiff," "you," "yourself," and "your" refers to plaintiff CHDC, and its present or former officers, employees, agents, attorneys, or representatives and every person connected with plaintiff in connection with the matter at issue in this action.

B. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and their employees or independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings, or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

D. "Complaint" refers to the pleading filed by plaintiff to commence this action.

E. "Identify" or "identity" shall have the following meanings:

(1) When used in reference to an organization, the response shall state the full

name and present or last known address of the corporation, partnership, firm, or other entity.

(2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(3) When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of the document to its answers.

(4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

F. "Describe in detail" or "state in detail" as used in these interrogatories, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of each such event;

(d) the address and location of each such event; and

(e) the identity of each person present during each such event.

G. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail, and event that relates to the reference, contention or response.

H. "Naekel lease" refers to the commercial lease for 450 Cottonwood Street, Woodland, California (also known as 626 W. Lincoln Ave.) entered into between Jim & Diane Naekel and CHDC on or about August 30, 1999.

I. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

J. "Subject Property" refers to the property alleged in your Complaint in which CHDC attempted to construct a Head Start/Early Head Start facility located at 626 Lincoln Street in Woodland, California.

K. Should you claim privilege for any documents about which information is requested for any of the following interrogatories, production requests or requests for admissions, describe those documents, in the manner described above, and indicate your claim of privilege, and provide the grounds upon which your claim of privilege rests.

L. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not

object or to which you do not decline to answer. If you object to an interrogatory on the ground that it calls both for information that is relevant to the subject matter of the action and information that is not, please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute an undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for any objection or declination.

INTERROGATORIES

INTERROGATORY NO. 1:

Describe in detail all damages you believe you are entitled to.

INTERROGATORY NO. 2:

Identify all factual witnesses you plan to call at trial and provide a summary of their testimony.

INTERROGATORY NO. 3:

Identify all non-factual or expert witnesses that you plan to call at trial and provide a summary of their testimony.

INTERROGATORY NO. 4:

Identify all persons with knowledge or information of any CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

INTERROGATORY NO. 5:

Identify all persons with knowledge or information regarding the allegations contained in paragraph 4 of your Complaint.

INTERROGATORY NO. 6:

Identify all persons with knowledge or information regarding the allegations contained in paragraph 5 of your Complaint.

INTERROGATORY NO. 7:

Identify all persons with knowledge or information regarding the allegations contained in paragraph 7 of your Complaint.

INTERROGATORY NO. 8:

Identify all contractors that performed work on the Head Start/Early Head Start facility at the Subject Property.

INTERROGATORY NO. 9:

Identify all unlicensed contractors that performed work at any time on the Head Start/Early Head Start facility at the Subject Property.

INTERROGATORY NO. 10:

Describe in detail all communications regarding your alleged agreement with AFC/HHS as alleged in your Complaint.

INTERROGATORY NO. 11:

Identify all persons with knowledge or information concerning CHDC's decision to relinquish or transfer the Head Start/Early Head Start program.

INTERROGATORY NO. 12:

Identify all documents you plan to introduce at the trial of this matter.

INTERROGATORY NO. 13:

Explain why CHDC decided to relinquish or transfer the Head Start/Early Head Start program.

INTERROGATORY NO. 14:

With respect to all requests for admissions included below in which your response is other than an unqualified admission, state all facts that you contend support your denial.

INTERROGATORY NO. 15:

With respect to all requests for admissions included below in which your response is other than an unqualified admission, identify all witnesses that you contend support your denial.

INTERROGATORY NO. 16:

With respect to all requests for admissions included below in which your response is other than an unqualified admission, identify all documents that you contend support your denial.

DOCUMENT REQUESTS

REQUEST NO. 1:

All documents discussing the alleged agreement between HHS/ACF and CHDC mentioned in your Complaint.

REQUEST NO. 2:

All notes, minutes or other documents relating to CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

REQUEST NO. 3:

Any communications relating to the alleged agreement with AFC/HHS regarding the relinquishment or transfer of the Head Start/Early Head Start program as alleged in your Complaint.

REQUEST NO. 4:

Any and all documents relating to the allegations contained in paragraph 4 of your Complaint.

REQUEST NO. 5:

Any and all documents relating to the allegations contained in paragraph 5 of your Complaint.

REQUEST NO. 6:

Any and all documents relating to the allegations contained in paragraph 7 of your Complaint.

REQUEST NO. 7:

Any and all documents relating to your damages claim as alleged in your Complaint.

REQUEST NO. 8:

Any and all documents and communications between CHDC and any contractors involved in the construction of the Head Start/Early Head Start facility at the Subject Property.

REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:

Admit that West Coast Relocatables was an unlicensed contractor during at least part of

the time that it worked on the Head Start/Early Head Start program located at the Subject Property.

REQUEST FOR ADMISSION NO. 2:

Admit that Ticon performed work on the Head Start/Early Head Start program located at the Subject Property.

REQUEST FOR ADMISSION NO. 3:

Admit that Ticon did not have a contract with CHDC for the work it performed at the Subject Property.

REQUEST FOR ADMISSION NO. 4:

Admit that, under the terms of the Naekel lease, all improvements made to the Subject Property belonged to the landlords, Jim & Diane Naekel.

REQUEST FOR ADMISSION NO. 5:

Admit that CHDC failed to file a notice of federal interest with respect to the Head Start/Early Head Start program located at the Subject Property.

REQUEST FOR ADMISSION NO. 7:

Admit that a true and correct copy of the Naekel lease is attached to this request as Exhibit A.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

BRYANT G. SNEE
Assistant Director

Dated: February 9, 2007

By: [signature]

ROBERT C. BIGLER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0315
Fax: (202) 514-8624

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 9 th day of February 2007, I caused to be sent by U.S. Mail a copy of the foregoing "DEFENDANT'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS" addressed as follows:

Steven D. Cundra
Hall, Estill, et al.
1120 20th Street, N.W.
Suite 700, North Building
Washington, DC 20036
Tel: (202) 973-1200

# Exhibit J

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-1029C (Judge Williams) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS.**

Plaintiff California Human Development Corporation (hereinafter "CHDC"), by and through counsel, hereby responds to Defendants First Set of Interrogatories, First Request for Production of Documents and First Request of Admissions. Plaintiff will supplement these responses in accordance with the Rules of the Court. In response hereto, Plaintiff states as follows:

**RESPONSE TO INTERROGATORIES**

INTERROGATORY NO. 1: Describe in detail all damages you believe you are entitled to.

RESPONSE NO. 1: The damages include the uncompensated amounts in the "extraordinary close out costs" section of CHDC's closeout budget plus interest from 9/1/2003. The damages also include costs incurred by CHDC in pursuing this matter subsequent to the decision of the Grant Officer.

INTERROGATORY NO. 2: Identity all factual witnesses you plan to call at trial and provide a summary of their testimony.

RESPONSE NO. 2:

- George Ortiz – CHDC Staff -- retired
- Christopher Paige – CHDC Staff
- Louis Flores – CHD legal Counsel
- Robert Scharf – CHDC Legal Counsel
- Andrew Haug -- CHDC Staff
- Kevin Flores -- CHDC Staff
- Harvey Aytch – CHDC Board
- Yolanda Rinaldo – CHDC Board
- Jose Bernardo – CHDC Board
- Joe Benatar – CHDC Board
- Paulene Graham – ACF Staff
- Martin Tom – ACF Staff
- Maria Fort -- – ACF Staff
- Jerry Gomez -- – ACF Staff

INTERROGATORY NO. 3: Identify all non-factual or expert witnesses that you plan to call at trial and provide a summary of their testimony.

RESPONSE NO. 3: Plaintiff has not yet determined the identities of experts or the subject matters that such experts will opine upon and who Plaintiff expects to testify at trial at this time. Once Plaintiff has retained its experts, Plaintiff will supplement this response accordingly.

INTERROGATORY NO. 4: Identify all person with knowledge of information of any CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

RESPONSE NO. 4: *See* Response No. 2 for all CHDC Board members with knowledge relating to the meeting with ACF and the program relinquishment and transfer.

INTERROGATORY NO. 5: Identify all persons with knowledge or information regarding the allegations contained in paragraph 4 of your Complaint.

RESPONSE NO. 5: *See* Response No. 2

INTERROGATORY NO. 6: Identify all person with knowledge or information regarding the allegations contained in paragraphs 5 of you Complaint.

RESPONSE NO. 6: *See* Response No. 2

INTERROGATORY NO. 7: Identify all person with knowledge or information regarding the allegations contained in paragraphs 7 of you Complaint.

RESPONSE NO. 7: *See* Response No. 2

INTERROGATORY NO. 8: Identify all contractors that performed work on the Head Start/Early Head Start facility at the Subject Property.

RESPONSE NO. 8: West Coast Relocatables, Ticon Construction and their sub-contractors.

INTERROGATORY NO. 9: Identify all unlicensed contractors that performed work at any time on the Head State/Early Head Start facility at the Subject Property.

RESPONSE NO. 9: West Coast Relocatables.

INTERROGATORY NO. 10: Describe in detail all communications regarding you alleged agreement with AFC/HHS as alleged in your Complaint.

RESPONSE NO. 10: The primary communications between CHDC and ACF relating to this matter has been provided in Plaintiff's Initial Disclosures in the production of documents.

INTERROGATORY NO. 11: Identify all persons with knowledge or information concerning CHDC's decisions to relinquish or transfer the Head Start/Early head Start program.

RESPONSE NO. 11: *See* Response No. 2

INTERROGATORY NO. 12: Identify all documents you plan to introduce at the trial of this matter.

RESPONSE NO. 12: CHDC will introduce documents and source documentation detailing the costs itemized in the closeout budge and the correspondence with ACF relating to the agreements made relating to the program transfer and relinquishment.

INTERROGATORY NO. 13: Explain why CHDC decided to relinquish or transfer the Head Start/Early Head Start Program.

RESPONSE NO. 13: CHDC felt we had no choice but to relinquish the program. ACF in a private meeting with the CHDC Board, a meeting from which management staff and CHD legal Counsel were excluded, indicated that unless CHDC agreed to a program transfer and relinquishment of the ACF Head Start and Early Head Start Grants, ACF would pursue program termination proceedings, including audit findings relating to the Program Improvement Grant funding for the building. The understandings from this meeting were documented and contained in an exchange of "relinquishment letters" in which the CHDC Board asked for a clarification of their understandings relating to this meeting and received assurances from ACF relating to their concerns. Upon receipt of these assurances, the CHD Board relinquished both programs and proceeded in accordance with the close out instructions provided in ACF Correspondence dated July 24, 2003.

INTERROGATORY NO. 14: With respect to all requests for admission included below in which your response is other than an unqualified admission, state all facts that you contend support your denial.

RESPONSE NO. 14:

INTERROGATORY NO. 15: With respect to all requests for admissions included below in which you response is other than an unqualified admission, identify all witnesses that you contend support your denial.

RESPONSE NO. 15:

INTERROGATORY NO. 16: With respect to all request for admission include below in which you response is other than an unqualified admission, identify all documents that you contend support your denial.

RESPONSE NO. 16:

**RESPONSES TO DOCUMENT REQUESTS**

REQUEST NO. 1: All documents discussing the alleged agreement between HHS/ACF and CHDC mention in your Complaint.

RESPONSE NO. 1: These documents have been already provided.

REQUEST NO. 2: All notes, minutes or other documents relating to CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

RESPONSE NO. 2: CHDC Board Minutes for the meeting in which the relinquishment was discussed will be provided with these responses.

REQUEST NO. 3: Any communications relating to the alleged agreement with AFC/HHS regarding the relinquishment or transfer of the Head Start/Early Head Start program as alleged in your Complaint.

RESPONSE NO 3: *See* Response No. 1. See the "relinquishment correspondence."

REQUEST NO. 4: Any and all documents relating to the allegations contained in paragraph 4 of your Complaint.

RESPONSE NO. 4: *See* Response No. 1. *See* "relinquishment correspondence" which have previously been provided.

REQUEST NO. 5: Any and all documents relating to the allegations contained in paragraph 5 of your Complaint.

RESPONSE NO. 5: *See* Response No. 1. Additional assurances referred to are contained in the "relinquishment correspondence."

REQUEST NO. 6: Any and all documents relating to the allegations contained in paragraph 7 of your Complaint.

RESPONSE NO. 6: *See* Response No. 1.

REQUEST NO. 7: Any and all documents relating to the damages claim in your Complaint.

RESPONSE NO. 7: *See* Response No. 1.

REQUEST NO. 8: Any and all documents and communications between CHDC and any contractors involved in the construction of the Head Start/Early Head Start facility at the Subject Property.

RESPONSE NO. 8: The Plaintiff will produce the requested documents in its possession in accordance with the Rules of the Court. Plaintiff will supplement this response as required in accordance with the provisions of the Rules of the Court.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

REQUEST FOR ADMISSION NO. 1: Admit that West Coast Relocatable was an unlicensed contractor during at least part of the time that it worked on the Head Start/Early Head Start program located at the Subject Property.

RESPONSE: Yes.

REQUEST FOR ADMISSION NO. 2: Admit that Ticon performed wont on the Head Start/early Head Start program located at the Subject Property.

Respectfully submitted,
California Human Development Corporation

By:_______________________
One of its Attorneys

Steven D. Cundra (D.C. Bar No. 374074)
Amy E. Gluck (D.C. Bar No. 453525)
Roetzel & Andress, LPA
1025 Connecticut Ave., N.W.
Suite 220
Washington, D.C. 10036
Tel: (202) 625-0660
Fax: (202) 338-6340

*ATTORNEYS FOR PLAINTIFF,*
*CALIFORNIA HUMAN DEVELOPMENT CORPORATION*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2007, I caused to be sent by messenger a copy of the foregoing "Plaintiff's Responses to Defendants First Set of Interrogatories, First Request for Production of Documents and First Request of Admissions" with attached addressed to the following:

Robert Bigler, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Sarah Watson
Paralegal
Roetzel & Andress, LPA
1025 Connecticut Ave., N.W.
Suite 220
Washington, D.C. 10036
Tel: (202) 625-0660
Fax: (202) 338-6340

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 30, 2007.

California ~~Human~~ Development Corporation

By: **Christopher Paige, Deputy CEO Programs**

# Exhibit K

**U.S. Department of Justice**

Civil Division
Commercial Litigation Branch
Tel: (202)307-0315
Fax: (202)514-8624

BGS:RBIGLER
DJ No. 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

*Washington, D.C. 20530*

Via Electronic Mail & U.S. Mail

April 16, 2007

Steven D. Cundra, Esq.
Hall, Estill, et al. LLP
1120 20th Street, N.W.
Suite 700 North Building
Washington D.C. 20036

Re: CHDC v. U.S., No. 05-1029 (Ct. Fed. Cl.)

Dear Mr. Cundra:

We recently received Plaintiff's Response to Defendant's First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions. We have reviewed the responses and find them deficient in several respects. The purpose of this letter is to meet and confer with you in an attempt to resolve this dispute between the parties without the need for filing a motion to compel with the Court pursuant to Rule 37 of the United States Court of Federal Claims.

With respect to Interrogatory No. 1, while the interrogatory asks CHDC to describe its damages claim "in detail," CHDC's response fails to provide any detail and completely omits any damages figures. Please supplement this response to include a detailed response of the damages that CHDC believes it is entitled to.

With respect to Interrogatory No. 2, while CHDC did provide a list of factual witnesses as requested, CHDC did not provide a summary of the witnesses testimony as requested in the interrogatory. Please supplement this response to include a summary of testimony for each factual witness identified.

With respect to Interrogatory No. 8, your response identifies two contractors and "their sub-contractors." The interrogatory asked that "all contractors" be identified. Please supplement this response to include the names of all sub-contractors.

With respect to Interrogatory No. 10, this interrogatory asks CHDC to "Describe in detail all communications regarding your alleged agreement with AFC/HHS as alleged in your Complaint." CHDC's response states "The primary communications between CHDC and ACF relating to this matter has been provided in Plaintiff's Initial Disclosures in the production of

documents." This response is deficient because it attempts to limit the response to "primary communications" while the interrogatory asks CHDC to "describe in detail all communications." The request is also deficient because it improperly relies on documents provided to the defendant rather than describing all communications including oral communications as requested in the interrogatory. Please supplement this response to describe in detail all communications requested.

With respect to Interrogatory No. 12, which requires CHDC to identify all documents it intends to introduce at trial, CHDC's response is deficient because it vaguely refers to documentation regarding costs and correspondence with ACF relating to the relinquishment. As stated in detail in the instructions to the interrogatories, this interrogatory requires that CHDC identify the specific documents it plans to introduce at trial. Please supplement your responses to identify the specific documents CHDC intents to introduce at trial.

CHDC failed to provided any response to Interrogatories Nos. 14-16. Please immediately provide a supplemental response with a complete response to these interrogatories.

With regard to the document requests, response to Request No. 2 states that the documents will be provided with the responses, but no documents were included with the responses. Similarly, response to Request No. 8 states that CHDC "will produce the requested documents in its possession in accordance with the Rules of the Court." As of the date of the letter we have not received any additional documents from the plaintiff. Please immediately provide us with copies of the additional documents.

Lastly, pages 8-10 of the responses are not signed. Please provide us with a properly executed response. Please provide the supplemental responses by April 30, 2007 or we will be forced to file a motion to compel.

Very truly yours,

Robert C. Bigler
Trial Attorney
Commercial Litigation Branch

cc: Paul Johnson, Esq.

# Exhibit L

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 05-1029C (Judge Williams) |

DEFENDANT'S SECOND SET OF INTERROGATORIES
AND SECOND REQUEST FOR ADMISSIONS

Defendant, the United States, hereby requests that plaintiff, California Human Development Corporation ("CHDC"), answer the following interrogatories under oath and answer the following requests for admissions under oath in accordance with Rules 33 and 36 of the Rules of the United States Court of Federal Claims ("RCFC"), respectively.

Pursuant to RCFC 26(e), these interrogatories and requests for admissions shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information and/or discovers additional documents after service of its original response. Supplemental responses shall be served from time to time, but not later than 10 days after the additional information has been obtained.

DEFINITIONS AND INSTRUCTIONS

A. The terms, "plaintiff," "you," "yourself," and "your" refers to plaintiff CHDC, and its present or former officers, employees, agents, attorneys, or representatives and every person connected with plaintiff in connection with the matter at issue in this action.

B. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and their employees or independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings, or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

D. "Complaint" refers to the pleading filed by plaintiff to commence this action.

E. "Identify" or "identity" shall have the following meanings:

(1) When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm, or other entity.

(2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(3) When used in reference to a document, the response shall state the type of

document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of the document to its answers.

(4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

F. "Describe in detail" or "state in detail" as used in these interrogatories, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of each such event;

(d) the address and location of each such event; and

(e) the identity of each person present during each such event.

G. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail, and event that relates to the

reference, contention or response.

H. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

I. "Subject Property" refers to the property alleged in your Complaint in which CHDC attempted to construct a Head Start/Early Head Start facility located at 626 Lincoln Street in Woodland, California.

J. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or requests for admissions, describe those documents, in the manner described above, and indicate your claim of privilege, and provide the grounds upon which your claim of privilege rests.

K. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you object to an interrogatory on the ground that it calls both for information that is relevant to the subject matter of the action and information that is not, please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute an undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for any objection or declination.

INTERROGATORIES

INTERROGATORY NO. 17:

Describe the scope of the alleged agreement as stated in paragraphs 4 and 5 of your complaint.

INTERROGATORY NO. 18:

Identify the person or persons who you allege entered into the alleged agreement (that is the basis of your complaint) with you on behalf of the defendant.

INTERROGATORY NO. 19:

Identify all documents that you contend support your contention that you entered into an agreement with the defendant relating to the relinquishment of the Head Start and Early Head Start programs.

INTERROGATORY NO. 20:

Identify all persons with knowledge or information regarding any agreement with the defendant relating to relinquishment or transfer of the Head Start/Early Head Start programs.

INTERROGATORY NO. 21:

With respect to all requests for admissions included below in which your response is other than an unqualified admission, state all facts that you contend support your denial.

INTERROGATORY NO. 22:

With respect to all requests for admissions included below in which your response is other than an unqualified admission, identify all witnesses that you contend support your denial.

INTERROGATORY NO. 23:

With respect to all requests for admissions included below in which your response is other than an unqualified admission, identify all documents that you contend support your denial.

REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 8:

Admit that the neither Jerry Gomez or anyone else on behalf of the defendant ever responded to your letter of July 25, 2003 to Mr. Gomez regarding the relinquishment of the Head Start/Early Head Start grants.

REQUEST FOR ADMISSION NO. 9:

Admit that any agreement that you entered into with the defendant regarding the relinquishment of the Head Start/Early Head Start programs was limited to a close out grant and did not include any construction costs or cost overruns.

REQUEST FOR ADMISSION NO. 10:

Admit that neither Martin Tom and/or Jerry Gomez had authority to obligate the defendant to pay you any of the costs alleged in your complaint.

REQUEST FOR ADMISSION NO. 11:

Admit that the defendant never breached any contract that it entered into with you.

REQUEST FOR ADMISSION NO. 12:

Admit that you have no claim against the defendant.

REQUEST FOR ADMISSION NO. 13:

Admit that the letter of July 24, 2003 from Jerry Gomez and Martin Tom to you does not include an agreement to pay any construction costs.

REQUEST FOR ADMISSION NO. 14:

Admit that you and the defendant never entered into an express contract relating to the

relinquishment of the Head Start and Early Head Start programs.

REQUEST FOR ADMISSION NO. 15:

Admit that you and the defendant never entered into an implied-in-fact contract relating to the relinquishment of the Head Start and Early Head Start programs.

REQUEST FOR ADMISSION NO. 16:

Admit that you previously sought all monetary damages sought in your complaint as cost overruns.

REQUEST FOR ADMISSION NO. 17:

Admit that your previous request for payment of these cost overruns was denied by the defendant.

REQUEST FOR ADMISSION NO. 18:

Admit that the defendant never agreed to pay any cost overruns relating to the subject property.

REQUEST FOR ADMISSION NO. 19:

Admit that, in return for your relinquishing the Head Start and Early Head Start Programs, the defendant agreed that it would release you from potential liabilities in excess of $1 million relating to grants for the Head Start and Early Head Start Programs.

REQUEST FOR ADMISSION NO. 20:

Admit that the only cause of action alleged in your complaint is for breach of contract.

REQUEST FOR ADMISSION NO. 21:

Admit that you have not alleged a takings claim in your complaint and that you are not

pursuing a takings claim in this action.

REQUEST FOR ADMISSION NO. 22:

Admit that the letter of July 24, 2003 from Jerry Gomez and Martin Tom to you does not include an agreement to pay any costs relating to mechanics liens.

REQUEST FOR ADMISSION NO. 23:

Admit that the letter of July 24, 2003 from Jerry Gomez and Martin Tom to you does not include any agreement to pay any litigation costs.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

April 5, 2007

ROBERT C. BIGLER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0315
Fax: (202) 514-8624

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 5 th day of April 2007, I caused to be sent by U.S. Mail a copy of the foregoing "DEFENDANT'S SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR ADMISSIONS" addressed as follows:

Steven D. Cundra
Hall, Estill, et al.
1120 20th Street, N.W.
Suite 700, North Building
Washington, DC 20036
Tel: (202) 973-1200