# EXHIBIT F

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-1029C (Judge Williams) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES, AND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS.**

Plaintiff, California Human Development Corporation (hereinafter "CHDC"), by and through counsel, hereby supplements its answers and responses to Defendants First Set of Interrogatories, First Request for Production of Documents and First Request of Admissions. Plaintiff will supplement these responses in accordance with the Rules of the Court. In response hereto, Plaintiff states as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Describe in detail all damages you believe you are entitled to.

**ANSWER NO. 1:** All documents that support Plaintiff's damage claim have previously been provided to you during initial disclosures. Plaintiffs produced hundreds of pages of documents and contained therein are pages that support Plaintiff's damages. Some of those pages give a detailed explanation of the damages Plaintiff is entitled to. If Defendant reviews previously produced documents Defendant will see that damages include the uncompensated amounts in the "extraordinary close out costs" section of CHDC's closeout budget plus interest from 9/1/2003.

The damages also include costs incurred by CHDC in pursuing this matter subsequent to the decision of the Grant Officer.

**INTERROGATORY NO. 2**: Identity all factual witnesses you plan to call at trial and provide a summary of their testimony.

**ANSWER NO. 2**: After counsel's May 18, 2007 telephone status conference with Judge Williams and Defendant's counsel and Plaintiff has narrowed its factual witnesses to call at trial to the following:

1. George Ortiz – Retired Staff and former CEO of CHDC. Mr. Ortiz has knowledge of the Program Improvement Grant, the building construction, the program relinquishment and claims made in this case.

2. Christopher Paige – CHDC Staff - Has knowledge of the closeout process and budget, the program relinquishment and handled dealings with ACF, Martin Tom and Jerry Gomez with respect to the closeout budgets, and both corresponded and spoke with Martin Tom, Jerry Gomez and Paul Johnson.

3. Louis Flores – CHDC's legal counsel - Was counsel for CHDC during the time period in question relevant to Head Start and Early Head Start. Louis Flores has knowledge of the building construction, in particular CHD's efforts to remediate electrical supply issues, the Ticon lien and settlement process related to this lien, the program relinquishment process and correspondence, the assignment of the Naekel lease, the non assignment of the Krahling lease, negotiations with Paul Johnson ACF attorney, CHD's meeting with ACF in the Spring of 2004, CHD's brief or presentation to the HHS/ACF Appeals Board.

4. Kevin Flores - Former Assistant CFO at CHDC. Kevin Flores has knowledge of the program relinquishment and the source documentation for the costs as presented to ACF as part

of the closeout budget and as part of meetings and negotiations.

5. Robert Scharf - CHDC Legal Counsel - Litigated the Ticon matter on behalf of CHDC and handled the lease assignment ass well as presented a detailed brief to ACF with respect to our claims.

6. Yolanda Rinaldo - former board member, with a good recollection of the bases for the CHDC Board decision to relinquish the program and participated in the one face to face negotiating meeting with ACF in the Spring of 2004.

7. Jose Bernardo – Chair of the board during the period of the Head Start operations program relinquish and close out process.

The following individuals have knowledge of the issues in this case however, Plaintiff does not know the extent or testimony that the following individuals will give.

8. Jerry Gomez – ACF Staff. Jerry Gomez has knowledge of the relinquishment and this claim as his signature was on many of the documents and was in direct contact with CHDC.

9. Martin Tom -- ACF Staff – Martin Tom has knowledge of the relinquishment and this claim as his signature was on many of the documents and was in direct contact with CHDC.

10. Paulene Graham – ACF Staff, Financial Officer. Paulene Graham has knowledge of the relinquishment and this claim as she sent via facsimile to CHDC the August 15, 2005 letter in regards to the relinquishment.

11. Maria Fort – ACF Staff

**INTERROGATORY NO. 3:** Identify all non-factual or expert witnesses that you plan to call at trial and provide a summary of their testimony.

**ANSWER NO. 3:** Plaintiff has not yet determined the identities of experts or the subject matters that such experts will opine upon and who Plaintiff expects to testify at trial at this time.

Once Plaintiff has taken fact discovery from Defendant and decided whether or not to retain experts, Plaintiff will supplement this response accordingly.

**INTERROGATORY NO. 4**: Identify all person with knowledge of information of any CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

**ANSWER NO. 4**: *See* Response No. 2. Further, all CHDC Board members have knowledge relating to the meeting with ACF and the program relinquishment and transfer. The CHDC Board Members during 2003, included:

1. Jose Bernardo
2. Bob Baldev Singh
3. Manuel Cabacungan
4. Mark Ostrye
5. Harvey Aytch
6. Joe Benatar
7. Hector Bramblia
8. John Brenkle
9. Toni Curtis
10. Bonnie Martniez
11. Tania McNeely
12. Stacey Miller
13. Frank Orozco
14. Ellie Enriquez Peck
15. Eleuterio Peck
16. Yolanda Rinaldo

**INTERROGATORY NO. 5**: Identify all persons with knowledge or information regarding the allegations contained in paragraph 4 of your Complaint.

**ANSWER NO. 5**: *See* Response Nos. 2 and 4.

**INTERROGATORY NO. 6**: Identify all person with knowledge or information regarding the allegations contained in paragraphs 5 of you Complaint.

**ANSWER NO. 6**: *See* Response Nos. 2 and 4.

**INTERROGATORY NO. 7:** Identify all person with knowledge or information regarding the allegations contained in paragraphs 7 of you Complaint.

**ANSWER NO. 7:** *See* Response Nos. 2 and 4.

**INTERROGATORY NO. 8:** Identify all contractors that performed work on the Head Start/Early Head Start facility at the Subject Property.

**ANSWER NO. 8:** West Coast Relocatables, Ticon Construction and their sub-contractors. Plaintiff is will the process of researching this request; however, to date, Plaintiff is unaware of the identity of West Coast Relocatables and Ticon Construction's sub-contractors.

**INTERROGATORY NO. 9:** Identify all unlicensed contractors that performed work at any time on the Head State/Early Head Start facility at the Subject Property.

**ANSWER NO. 9:** West Coast Relocatables.

**INTERROGATORY NO. 10:** Describe in detail all communications regarding you alleged agreement with AFC/HHS as alleged in your Complaint.

**ANSWER NO. 10:** Objection, as this request is overly broad and unduly burdensome for Plaintiff to describe each communication when Defendant is in possession of all written communications and said documents speak for themselves and it would serve no purpose to paraphrase them here. Without waiving said objection, the primary communications between CHDC and ACF relating to this matter has been provided in Plaintiff's Initial Disclosures in the production of documents. Further, Plaintiff also relies on oral communications between Christopher Paige and ACF Grant officials with respect to the program relinquishment, lease assignment, closeout process and budget.

**INTERROGATORY NO. 11:** Identify all persons with knowledge or information concerning CHDC's decisions to relinquish or transfer the Head Start/Early head Start program.

**RESPONSE NO. 11**: *See* Response No. 2 and 4.

**INTERROGATORY NO. 12**: Identify all documents you plan to introduce at the trial of this matter.

**ANSWER NO. 12**: Objection This Interrogatory calls for trial strategy and mental impressions of counsel. Without waiving said objection, the parties entered into an agreement to compensate Plaintiff for the value of property and expenditures previously made, incurred, created or improved by Plaintiff with Plaintiff's own funds and all other costs which Plaintiff incurred in connection with Defendant's requirement that Plaintiff relinquish its Head Start/Early Head Start programs and transfer to them to another operator. CHDC will introduce documents and source documentation detailing the costs itemized in the closeout budget and the correspondence with ACF relating to the agreements made relating to the program transfer and relinquishment. The final determination of the selection of trial exhibits will not be made until sometime after the close of discovery

**INTERROGATORY NO. 13**: Explain why CHDC decided to relinquish or transfer the Head Start/Early Head Start Program.

**ANSWER NO. 13**: CHDC felt we had no choice but to relinquish the program. ACF in a private meeting with the CHDC Board, a meeting from which management staff and CHD legal Counsel were excluded, indicated that unless CHDC agreed to a program transfer and relinquishment of the ACF Head Start and Early Head Start Grants, ACF threatened to pursue program termination proceedings, including establishing audit findings relating to the Program Improvement Grant funding for the building. The understandings from this meeting were documented and contained in an exchange of "relinquishment letters" in which the CHDC Board asked for a clarification of their understandings relating to this meeting and received assurances

from ACF relating to their concerns. Upon receipt of these assurances, the CHDC Board relinquished both programs and proceeded in accordance with the agreement and close out instructions provided in ACF Correspondence dated July 24, 2003 and otherwise.

**INTERROGATORY NO. 14:** With respect to all requests for admission included below in which your response is other than an unqualified admission, state all facts that you contend support your denial.

**ANSWER NO. 14:** Objection, as this interrogatory calls for a legal conclusion and is overbroad and unduly burdensome. Without waiving said objection, all documents concerning the contractual dealing with Ticon and lease agreements with Jim and Diane Naekel have been produced previously to defendant in initial disclosures. *See also*, Rule 33(d) with regard to initial disclosures and further document production.

**INTERROGATORY NO. 15:** With respect to all requests for admissions included below in which you response is other than an unqualified admission, identify all witnesses that you contend support your denial.

**ANSWER NO. 15:** *See* Answer to Interrogatory No. 14. Further responding, Jim & Diane Naekel. Also, the CHDC personnel include:

1. Christopher Paige
2. Louis Flores
3. Robert Scharf

AFC Staff include:

4. Paul Johnson
5. Martin Tom
6. Jerry Gomez

**INTERROGATORY NO. 16:** With respect to all request for admission include below in which you response is other than an unqualified admission, identify all documents that you contend support your denial.

**ANSWER NO. 16**: *See* Answer to Interrogatory No. 14.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1**: All documents discussing the alleged agreement between HHS/ACF and CHDC mention in your Complaint.

**RESPONSE NO. 1**: These documents have been already provided.

**REQUEST NO. 2**: All notes, minutes or other documents relating to CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

**RESPONSE NO. 2**: CHDC Board Minutes for the meeting in which the relinquishment was discussed will be provided with these responses. See attached documents hereto.

**REQUEST NO. 3**: Any communications relating to the alleged agreement with AFC/HHS regarding the relinquishment or transfer of the Head Start/Early Head Start program as alleged in your Complaint.

**RESPONSE NO 3**: *See* Response No. 1. *See also,* the "relinquishment correspondence."

**REQUEST NO. 4**: Any and all documents relating to the allegations contained in paragraph 4 of your Complaint.

**RESPONSE NO. 4**: *See* Response No. 1. *See also,* "relinquishment correspondence" which have previously been provided.

**REQUEST NO. 5**: Any and all documents relating to the allegations contained in paragraph 5 of your Complaint.

**RESPONSE NO. 5**: *See* Response No. 1. Additional assurances referred to are contained in the "relinquishment correspondence."

**REQUEST NO. 6:** Any and all documents relating to the allegations contained in paragraph 7 of your Complaint.

**RESPONSE NO. 6:** *See* Response No. 1.

**REQUEST NO. 7:** Any and all documents relating to the damages claim in your Complaint.

**RESPONSE NO. 7:** *See* Response No. 1.

**REQUEST NO. 8:** Any and all documents and communications between CHDC and any contractors involved in the construction of the Head Start/Early Head Start facility at the Subject Property.

**RESPONSE NO. 8:** Plaintiff has previously provided numerous documents in its Initial Disclosures to Defendant regarding contractors involved in the construction of the Head Start/Early Head Start facility. However, Plaintiff is currently searching to see if there are any further communications. If additional communications are located, Plaintiff will review them with counsel and then produce any responsive, non-privileged documents in its possession in accordance with the Rules of the Court. Plaintiff will supplement this response as required in accordance with the provisions of the Rules of the Court.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that West Coast Relocatables was an unlicensed contractor during at least part of the time that it worked on the Head Start/Early Head Start program located at the Subject Property.

**RESPONSE NO. 1:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that Ticon performed work on the Head Start/early Head Start program located at the Subject Property.

**RESPONSE NO. 2:** Admit.

**REQUEST FOR ADMISSION NO. 3:** Admit that Ticon did not have a contract with CHDC for the work it performed at the Subject Property.

**RESPONSE NO. 3:** Deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that, under the terms of the Naekel lease, all improvements made to the Subject Property belonged to the landlords, Jim & Diane Naekel.

**RESPONSE NO. 4:** Deny.

**REQUEST FOR ADMISSION NO. 5:** Admit that CHDC failed to file a notice of federal interest with respect to the Head Start/Early Head Start program located at the Subject Property.

**RESPONSE NO. 5:** Admit.

**REQUEST FOR ADMISSION NO. 6:** Admit that a true a correct copy of the Naekel lease is attached to this request as Exhibit A.

**RESPONSE NO. 6:** Admit.

DATE: June 6, 2007

I HEREBY CERTIFY, under penalty of law, that Plaintiff's Supplemental Answers to Defendants First Set of Interrogatories, Supplemental Responses to First Request for Production of Documents and First Request of Admissions are true and correct to the best of my knowledge and belief.

CHRISTOPHER PAIGE
Deputy CEO Programs
California Human Development Corporation

State of California :

County/City of Sonoma :

SWORN AND SUBSCRIBED before me **this** 6 **day of** June, **2007.**

NOTARY PUBLIC

My Commission Expires: Nov. 17, 2007.

DAVID C. ROSAS
COMM. #1451453
NOTARY PUBLIC -CALIFORNIA
SONOMA COUNTY
My Comm. Expires Nov 17 2007

(SEAL)

Respectfully submitted,
California Human Development Corporation

By: ________________________
One of its Attorneys

Steven D. Cundra (D.C. Bar No. 374074)
Amy E. Gluck (D.C. Bar No. 453525)
Roetzel & Andress, LPA
1025 Connecticut Ave., N.W.
Suite 220
Washington, D.C. 10036
Tel: (202) 625-0660
Fax: (202) 338-6340

*ATTORNEYS FOR PLAINTIFF,*
*CALIFORNIA HUMAN DEVELOPMENT CORPORATION*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2007, I caused to be sent by messenger a copy of the foregoing "Plaintiff's Supplemental Answers to Defendants First Set of Interrogatories, and Supplemental Responses to First Request for Production of Documents and First Request of Admissions" with attached addressed to the following:

Robert Bigler, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

S.M.Watson

Sarah Watson
Paralegal
Roetzel & Andress, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, D.C. 20005
Telephone: (202) 625-0660
Facsimile: (202) 338-6340

# EXHIBIT G

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, Plaintiff, | ) | |
| v. | ) | Case No. 05-1029C (Judge Williams) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES, AND RESPONSES TO DEFENDANT'S SECOND REQUEST FOR ADMISSIONS.**

Plaintiff California Human Development Corporation (hereinafter "CHDC"), by and through counsel, hereby responds to Defendants Second Set of Interrogatories and Second Request of Admissions. Plaintiff will supplement these responses in accordance with the Rules of the Court. In response hereto, Plaintiff states as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 17**: Describe the scope of the alleged agreement as stated in paragraphs 4 and 5 or your complaint.

**ANSWER NO. 17**: *See* March 31, 2006 "Joint Preliminary Status Report" ¶ H Relevant Issues pages 2 – 3.

**INTERROGATORY NO. 18**: Identify the person or persons who you allege entered into the alleged agreement (that is the basis of your complaint) with you on behalf of the defendant.

**ANSWER NO. 18**: The agreement was between the CHDC Board Members and Martin Tom and Jerry Gomez of ACF, acting in their official capacities.

The CHDC Board Members during 2003, which included:

1. Jose Bernardo
2. Bob Baldev Singh
3. Manuel Cabacungan
4. Mark Ostrye
5. Harvey Aytch
6. Joe Benatar
7. Hector Bramblia
8. John Brenkle
9. Toni Curtis
10. Bonnie Martniez
11. Tania McNeely
12. Stacey Miller
13. Frank Orozco
14. Ellie Enriquez Peck
15. Eleuterio Peck
16. Yolanda Rinaldo

**INTERROGATORY NO. 19**: Identify all documents that you contend support your contention that you entered into an agreement with the defendant relating to the relinquishment of the Head Start and Early Head Start programs.

**ANSWER NO. 19**: Documents include, without limitation, the July 23, 2003 letter from Jose Bernardo to Jerry Gomez, the July 24, 2003 letter from Jerry Gomez and Martin Tom to Jose Bernardo, the July 25, 2003 letter from Jose Bernardo to Jerry Gomez and the August 15, 2003 letter from Jerry Gomez and Martin Tom to Jose Bernardo. Also relevant is the subsequent conduct of the parties, including the relinquishment of the Head Start and Early Head Start programs by Plaintiff.

**INTERROGATORY NO. 20**: Identify all persons with knowledge or information regarding any agreement with the defendant relating to the relinquishment of the Head Start and Early Head Start programs.

**ANSWER NO. 20**: *See* Answer No. 18 above. Further, ACF staff as well as CHDC personnel have knowledge. These witnesses include:

CHDC personnel includes:

17. George Ortiz
18. Christopher Paige
19. Louis Flores
20. Robert Scharf
21. Andrew Haugh
22. Kevin Flores

AFC Staff includes:

23. Paulene Graham
24. Martin Tom
25. Maria Fort
26. Jerry Gomez

**INTERROGATORY NO. 21:** With respect to all requests for admissions included below in which your response is other than an unqualified admission, state all facts that you contend support your denial.

**ANSWER NO. 21:** Plaintiff objects to this request as overbroad and unduly burdensome. Without waiving said objection, Plaintiff has provided Defendant with documents relating to this claim that support its claims and denials in accordance with Rule 33(d). Further responding, Plaintiff has stated its facts that support Plaintiffs denial in Response Nos. 8, 11, 13, 16-22 and in the March 31, 2006 "Joint Preliminary Status Report." Further responding, please see attached April 28, 2004 letter from Robert Scharf, Esquire to Paul B. Johnson, which has previously been provided to Defendant.

**INTERROGATORY NO. 22:** With respect to all request for admissions included below in which your response is other than an unqualified admission, identify all witnesses that you contend support your denial.

**ANSWER NO. 22:** *See* Answer Nos. 18 and 20 above.

**INTERROGATORY NO. 23:** With respect to all requests for admissions included below in

which your response is other than an unqualified admission, identify all documents that you contend support your denial.

**ANSWER NO. 23**: All documents produced during initial disclosures support Plaintiff's denials including, without limitation, the July 2003 and August 2003 correspondence between Plaintiff and Defendant in regards to the relinquishment and the documents referenced in Robert Scharf's April 29, 2004 letter to Paul B. Johnson.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 8:** Admit that the neither Jerry Gomez or anyone else on behalf of the defendant ever responded to your letter of July 25, 2003 to Mr. Gomez regarding the relinquishment of the Head State/Early Head Start grants.

**RESPONSE NO. 8**: Deny. Without limitation, the August 15, 2003 letter written in response to Plaintiff's July 25, 2003 letter was faxed by Paulene Graham, ACF Financial Officer, and signed by Martin Tom and Jerry Gomez which discussed the terms and acknowledgement of relinquishment.

**REQUEST FOR ADMISSION NO. 9:** Admit that any agreement that you entered into with the defendant regarding the relinquishment of the Head Start/Early Head Start programs was limited to a close out grant and did not include any construction costs or cost overruns.

**RESPONSE NO. 9**: Deny. Plaintiff is unable to admit or deny the request as stated for the reason that it does not adequately define "construction costs or cost overruns." In July 2003, the parties were not entering into any contracts for the construction of any facilities. However, the parties were entering into an agreement to compensate Plaintiff for the value of property and expenditures previously made, incurred, created or improved by Plaintiff with Plaintiff's own

funds which Defendant required Plaintiff to transfer to another program as part of the relinquishment of its Head Start/Early Head Start programs.

**REQUEST FOR ADMISSION NO. 10:** Admit that neither Martin Tom and/or Jerry Gomez had authority to obligate the defendant to pay your any of the costs alleged in your complaint.

**RESPONSE NO. 10:** Deny. Martin Tom is a grant officer for ACF in San Francisco, and has the authority to make decisions on behalf of the ACF including his acceptance/approval payment for the costs/reimbursements/payments/damages incurred by CHDC as part of the agreement/requirement for Plaintiff to transfer to another program as part of the relinquishment of its Head Start/Early Head Start programs.

**REQUEST FOR ADMISSION NO. 11:** Admit that the defendant never breached any contract that it entered into with you.

**RESPONSE NO. 11:** Deny. There were contractual breaches and regulatory breaches. *See also,* March 31, 2006 "Joint Preliminary Status Report" ¶ H Relevant Issues pages 2 – 3.

**REQUEST FOR ADMISSION NO. 12:** Admit that you have no claim against the defendant.

**RESPONSE NO. 12:** Deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that the letter of July 24, 2003 from Jerry Gomez and Martin Tom to you does not include an agreement to pay any construction costs.

**RESPONSE NO. 13:** Deny. Plaintiff is unable to admit or deny the request as stated for the reason that it does not adequately define "construction costs." In July 2003, the parties were not entering into any contracts for the construction of any facilities. However, the parties were entering into an agreement to compensate Plaintiff for the value of property and expenditures previously made, incurred, created or improved by Plaintiff with Plaintiff's own funds which

Defendant required Plaintiff to transfer to another program as part of the relinquishment of its Head Start/Early Head Start programs and transfer to operator.

**REQUEST FOR ADMISSION NO. 14:** Admit that you and the defendant never entered into an express contract relating to the relinquishment of Head Start and Early Head Start programs.

**RESPONSE NO. 14:** Deny. *See also,* Response No. 11.

**REQUEST FOR ADMISSION NO. 15:** Admit that you and the defendant never entered into an implied-in-fact-contract relating to the relinquishment of the Head Start and Early Head Start programs.

**RESPONSE NO. 15:** Deny. *See also,* Response No. 11.

**REQUEST FOR ADMISSION NO. 16:** Admit that you previously sought all monetary damages in your complaint as cost overruns.

**RESPONSE NO. 16:** Deny. Plaintiff is seeking damages for the value of costs and equipment it incurred that were taken by the Defendant without compensation. *See also,* Response No. 11.

**REQUEST FOR ADMISSION NO. 17:** Admit that your previously request for payment of these cost overruns was denied by the defendant.

**RESPONSE NO. 17:** Deny there was a cost overrun. Plaintiff admits that costs were incurred and value added by Plaintiff, form its own funds, for the completion and improvement of the property, project and the necessary licensing of the facility to ensure the health and safety of the children. The parties were entering into an agreement to compensate Plaintiff for the value of property and expenditures previously made, incurred, created or improved by Plaintiff with Plaintiff's own funds which Defendant required Plaintiff to transfer to another program as part of the relinquishment of its Head Start/Early Head Start programs and transfer to operator.

**REQUEST FOR ADMISSION NO. 18:** Admit that the defendant never agreed to pay any cost overruns relating to the subject property.

**RESPONSE NO. 18:** Plaintiff is unable to admit or deny due to the lack of definition of "cost overruns." Otherwise, it is Denied. Plaintiff is not seeking damages in this case for "uncompensated cost overruns." Plaintiff is seeking the recovery of the value of its property and value added to the facility which defendant agreed to but failed to pay for. The parties entered into an agreement to compensate Plaintiff for the value of property and expenditures previously made, incurred, created or improved by Plaintiff with Plaintiff's own funds which Defendant required Plaintiff to transfer to another program as part of the relinquishment of its Head Start/Early Head Start programs and transfer to operator.

**REQUEST FOR ADMISSION NO. 19:** Admit that, in return for your relinquishing the Head Start and Early Head Start Programs, the defendant agreed that it would release you from potential liabilities in excess of $1 million relating to grants for the Head Start and Early Head Start Programs.

**RESPONSE NO. 19:** Admit that defendants stated it would release Plaintiff from "potential liabilities" on an un-issued draft audit, allege that "potential liability" was a sham and a fraud which was used to improperly coerce Plaintiff into relinquishing its operational grants for the Head Start and Early Head Start Programs. Plaintiff denies the remaining allegations in this request.

**REQUEST FOR ADMISSION NO. 20:** Admit that the only cause of action alleged in your complaint is for breach of contract.

**RESPONSE NO. 20:** Plaintiff admits that the claims in the complaint are for damages for breach of contract and implied-in-contract. *See also,* Response No. 11.

**REQUEST FOR ADMISSION NO. 21:** Admit that you have not allege a taking claim in your complaint and that you are not pursuing a takings claim in this action.

**RESPONSE NO. 21:** Deny. *See* also, March 31, 2006 "Joint Preliminary Status Report."

**REQUEST FOR ADMISSION NO. 21:** Admit that the letter of July 24, 2003 from Jerry Gomez and Martin Tom to you does not include any agreement to pay any litigation costs.

**RESPONSE NO. 22:** Plaintiff is unable to admit or deny the request as stated for the reason that it does not adequately define "agreement to pay any litigation costs." Otherwise, it is Denied. The complete agreement between the parties includes the agreement to pay the litigation costs. Indeed, The parties entered into an agreement to compensate Plaintiff for the value of property and expenditures previously made, incurred, created or improved by Plaintiff with Plaintiff's own funds and all other costs which Plaintiff incurred in connection with Defendant's requirement that Plaintiff relinquish its Head Start/Early Head Start programs and transfer to them to another operator.

I HEREBY CERTIFY, under penalty of law, that Plaintiff's Answers to Defendants Second Set of Interrogatories and Second Request of Admissions are true and correct to the best of my knowledge and belief.

CHRISTOPHER PAIGE
Deputy CEO Programs
California Human Development Corporation

State of California :

County/City of Sonoma :

SWORN AND SUBSCRIBED before me **this** 6 **day of** June **, 2007.**

NOTARY PUBLIC

My Commission Expires: Nov. 17, 2007.

DAVID C. ROSAS
COMM. #1451453
NOTARY PUBLIC-CALIFORNIA
SONOMA COUNTY
Comm. Expires Nov 17 2007

(SEAL)

Respectfully submitted,
California Human Development Corporation

By: ______________________
One of its Attorneys

Steven D. Cundra (D.C. Bar No. 374074)
Amy E. Gluck (D.C. Bar No. 453525)
Roetzel & Andress, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, D.C. 20005
Telephone: (202) 625-0660
Facsimile: (202) 338-6340

*ATTORNEYS FOR PLAINTIFF,*
*CALIFORNIA HUMAN DEVELOPMENT CORPORATION*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2007, I caused to be sent by messenger a copy of the foregoing "Plaintiff's Answers to Defendants Second Set of Interrogatories and Second Request of Admissions" addressed to the following:

Robert Bigler, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

S.M. Watson

Sarah Watson
Paralegal
Roetzel & Andress, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, D.C. 20005
Telephone: (202) 625-0660
Facsimile: (202) 338-6340

# EXHIBIT H

**Cundra, Steve**

**From:** Cundra, Steve
**Sent:** Thursday, May 24, 2007 4:15 PM
**To:** 'Bigler, Robert (CIV)'
**Cc:** Watson, Sarah
**Subject:** CHDC

**Importance:** High

Dear Bob:

I spoke with the client and they agreed that our key witnesses in California are:

- George Ortiz
- Chris Paige
- Louis Flores
- Kevin Flores

In addition, we will need to make arrangements to take the following depositions outside California:

- Robert Scharf (Germany)
- Yolanda Rinaldo (Mexico) (There is a small chance that we may be able to have Yolanda travel to California during June 18 -20th. Will you agree to pay the travel costs?)

Steve

*Steve Cundra*

Roetzel & Andress
1025 Connecticut Ave. NW
Suite 220
Washington D.C. 20036-5405
Main Phone No: (202) 625-0600
Cell No.: (202) 255-3841
Fax No.: (202) 338-6340
Email: scundra@ralaw.com
www.ralaw.com

Both Steve Cundra and Roetzel & Andress intend that this message be used exclusively by the addressee(s). This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. Unauthorized disclosure or use of this information is strictly prohibited If you have received this communication in error, please permanently dispose of the original message and notify Steve Cundra immediately at (202) 625-0600. Thank you.

**Tracking:**

| Recipient | Read |
| --- | --- |
| 'Bigler, Robert (CIV)' | |
| Watson, Sarah | Read: 5/24/2007 4:18 PM |
| 'Chris Paige' | |
| Michael Micciche | |

# EXHIBIT I

Sales by a condemning authority **39**
Sales comparison approach to value **20–22, 25, 37–40, 61, 90, 93, 96–97**
Sales history **15–16, 24**
Sales involving exchange of property **39**
Sales to a condemning authority **20, 60–61, 88–92**
Scope of appraisal **11–12**
Scope of standards **3–4**
Scope of the project **46–47**
Settlement negotiations **59–60**
Severance damage **47–51**
Severance damages in leasehold acquisitions **62–63, 99–100**
Site data **14, 24**
Special benefits **26, 36, 47, 52–53**
Speculative evidence **34, 44, 45, 49**
State law **29**
Streets, highways, roads **65**
Subdivision approach, *see* Development approach
Summary of appraisal problem **13–14**
Summary of salient facts and conclusions **10**
Summation appraisal **14, 23, 54, 95**

Table of contents **9**
Taylor Grazing Act **67**
Temporary acquisitions **23, 25, 64, 93–95**
Timber **14, 23, 33, 54–55, 81**
Title evidence report **27**
Title page **9**

Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 **1, 33, 51, 53, 60**
Uniform Standards of Professional Appraisal Practice **7–9, 69, 70, 74, 77–79, 102**
Unique properties **41**
Unit rule **53–55, 81, 95**
Unitary holding **47**
Unity of ownership **17, 18, 47–48, 86**
Unity of use **17, 47, 55, 86**
Updating of appraisals **100**
Use history of property **15, 24**

Valuation date **34**
Value to owner **31**
Verification of sales **20, 38, 61, 88–93, 97, 111**
Voluntary acquisitions **1, 2, 34, 60, 84, 110**

Wetlands **66, 84, 87**
Witness, appraiser as **8, 49, 79–80, 112**

Zoning **16–17, 24, 66, 82–84, 92–93**

# EXHIBIT J

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-1029C |
| v. | ) | (Judge Williams) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS.**

Plaintiff California Human Development Corporation (hereinafter "CHDC"), by and through counsel, hereby responds to Defendants First Set of Interrogatories, First Request for Production of Documents and First Request of Admissions. Plaintiff will supplement these responses in accordance with the Rules of the Court. In response hereto, Plaintiff states as follows:

**RESPONSE TO INTERROGATORIES**

INTERROGATORY NO. 1: Describe in detail all damages you believe you are entitled to.

RESPONSE NO. 1: The damages include the uncompensated amounts in the "extraordinary close out costs" section of CHDC's closeout budget plus interest from 9/1/2003. The damages also include costs incurred by CHDC in pursuing this matter subsequent to the decision of the Grant Officer.

INTERROGATORY NO. 2: Identity all factual witnesses you plan to call at trial and provide a summary of their testimony.

RESPONSE NO. 2:

- George Ortiz – CHDC Staff -- retired
- Christopher Paige – CHDC Staff
- Louis Flores – CHD legal Counsel
- Robert Scharf – CHDC Legal Counsel
- Andrew Haug – CHDC Staff
- Kevin Flores -- CHDC Staff
- Harvey Aytch – CHDC Board
- Yolanda Rinaldo – CHDC Board
- Jose Bernardo – CHDC Board
- Joe Benatar – CHDC Board
- Paulene Graham – ACF Staff
- Martin Tom – ACF Staff
- Maria Fort -- – ACF Staff
- Jerry Gomez -- – ACF Staff

INTERROGATORY NO. 3: Identify all non-factual or expert witnesses that you plan to call at trial and provide a summary of their testimony.

RESPONSE NO. 3: Plaintiff has not yet determined the identities of experts or the subject matters that such experts will opine upon and who Plaintiff expects to testify at trial at this time. Once Plaintiff has retained its experts, Plaintiff will supplement this response accordingly.

INTERROGATORY NO. 4: Identify all person with knowledge of information of any CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

RESPONSE NO. 4: *See* Response No. 2 for all CHDC Board members with knowledge relating to the meeting with ACF and the program relinquishment and transfer.

INTERROGATORY NO. 5: Identify all persons with knowledge or information regarding the allegations contained in paragraph 4 of your Complaint.

RESPONSE NO. 5: *See* Response No. 2

<u>INTERROGATORY NO. 6</u>: Identify all person with knowledge or information regarding the allegations contained in paragraphs 5 of you Complaint.

<u>RESPONSE NO. 6</u>: *See* Response No. 2

<u>INTERROGATORY NO. 7</u>: Identify all person with knowledge or information regarding the allegations contained in paragraphs 7 of you Complaint.

<u>RESPONSE NO. 7</u>: *See* Response No. 2

<u>INTERROGATORY NO. 8</u>: Identify all contractors that performed work on the Head Start/Early Head Start facility at the Subject Property.

<u>RESPONSE NO. 8</u>: West Coast Relocatables, Ticon Construction and their sub-contractors.

<u>INTERROGATORY NO. 9</u>: Identify all unlicensed contractors that performed work at any time on the Head State/Early Head Start facility at the Subject Property.

<u>RESPONSE NO. 9</u>: West Coast Relocatables.

<u>INTERROGATORY NO. 10</u>: Describe in detail all communications regarding you alleged agreement with AFC/HHS as alleged in your Complaint.

<u>RESPONSE NO. 10</u>: The primary communications between CHDC and ACF relating to this matter has been provided in Plaintiff's Initial Disclosures in the production of documents.

<u>INTERROGATORY NO. 11</u>: Identify all persons with knowledge or information concerning CHDC's decisions to relinquish or transfer the Head Start/Early head Start program.

<u>RESPONSE NO. 11</u>: *See* Response No. 2

<u>INTERROGATORY NO. 12</u>: Identify all documents you plan to introduce at the trial of this matter.

RESPONSE NO. 12: CHDC will introduce documents and source documentation detailing the costs itemized in the closeout budge and the correspondence with ACF relating to the agreements made relating to the program transfer and relinquishment.

INTERROGATORY NO. 13: Explain why CHDC decided to relinquish or transfer the Head Start/Early Head Start Program.

RESPONSE NO. 13: CHDC felt we had no choice but to relinquish the program. ACF in a private meeting with the CHDC Board, a meeting from which management staff and CHD legal Counsel were excluded, indicated that unless CHDC agreed to a program transfer and relinquishment of the ACF Head Start and Early Head Start Grants, ACF would pursue program termination proceedings, including audit findings relating to the Program Improvement Grant funding for the building. The understandings from this meeting were documented and contained in an exchange of "relinquishment letters" in which the CHDC Board asked for a clarification of their understandings relating to this meeting and received assurances from ACF relating to their concerns. Upon receipt of these assurances, the CHD Board relinquished both programs and proceeded in accordance with the close out instructions provided in ACF Correspondence dated July 24, 2003.

INTERROGATORY NO. 14: With respect to all requests for admission included below in which your response is other than an unqualified admission, state all facts that you contend support your denial.

RESPONSE NO. 14:

INTERROGATORY NO. 15: With respect to all requests for admissions included below in which you response is other than an unqualified admission, identify all witnesses that you contend support your denial.

RESPONSE NO. 15:

INTERROGATORY NO. 16: With respect to all request for admission include below in which you response is other than an unqualified admission, identify all documents that you contend support your denial.

RESPONSE NO. 16:

**RESPONSES TO DOCUMENT REQUESTS**

REQUEST NO. 1: All documents discussing the alleged agreement between HHS/ACF and CHDC mention in your Complaint.

RESPONSE NO. 1: These documents have been already provided.

REQUEST NO. 2: All notes, minutes or other documents relating to CHDC Board of Directors meetings in which the relinquishment or transfer of the Head Start/Early Head Start programs was discussed.

RESPONSE NO. 2: CHDC Board Minutes for the meeting in which the relinquishment was discussed will be provided with these responses.

REQUEST NO. 3: Any communications relating to the alleged agreement with AFC/HHS regarding the relinquishment or transfer of the Head Start/Early Head Start program as alleged in your Complaint.

RESPONSE NO 3: *See* Response No. 1. See the "relinquishment correspondence."

REQUEST NO. 4: Any and all documents relating to the allegations contained in paragraph 4 of your Complaint.

RESPONSE NO. 4: *See* Response No. 1. *See* "relinquishment correspondence" which have previously been provided.

REQUEST NO. 5: Any and all documents relating to the allegations contained in paragraph 5 of your Complaint.

RESPONSE NO. 5: *See* Response No. 1. Additional assurances referred to are contained in the "relinquishment correspondence."

REQUEST NO. 6: Any and all documents relating to the allegations contained in paragraph 7 of your Complaint.

RESPONSE NO. 6: *See* Response No. 1.

REQUEST NO. 7: Any and all documents relating to the damages claim in your Complaint.

RESPONSE NO. 7: *See* Response No. 1.

REQUEST NO. 8: Any and all documents and communications between CHDC and any contractors involved in the construction of the Head Start/Early Head Start facility at the Subject Property.

RESPONSE NO. 8: The Plaintiff will produce the requested documents in its possession in accordance with the Rules of the Court. Plaintiff will supplement this response as required in accordance with the provisions of the Rules of the Court.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

REQUEST FOR ADMISSION NO. 1: Admit that West Coast Relocatable was an unlicensed contractor during at least part of the time that it worked on the Head Start/Early Head Start program located at the Subject Property.

RESPONSE: Yes.

REQUEST FOR ADMISSION NO. 2: Admit that Ticon performed wont on the Head Start/early Head Start program located at the Subject Property.

<u>RESPONSE</u>: Yes.

<u>REQUEST FOR ADMISSION NO. 3</u>: Admit that Ticon did not have a contract with CHDC for the work it performed at the Subject Property.

<u>RESPONSE</u>: Deny.

<u>REQUEST FOR ADMISSION NO. 4</u>: Admit that, under the terms of the Naekel lease, all improvements made to the Subject Property belonged to the landlords, Jim & Diane Naekel.

<u>RESPONSE</u>: Deny.

<u>REQUEST FOR ADMISSION NO. 5</u>: Admit that CHDC failed to file a notice of federal interest with respect to the Head Start/Early Head Start program located at the Subject Property.

<u>RESPONSE</u>: Yes

<u>REQUEST FOR ADMISSION NO. 6</u>: Admit that a true a correct copy of the Naekel lease is attached to this request as Exhibit A.

<u>RESPONSE</u>: Yes.

DATE: March 30, 2007

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 30, 2007.

California ~~Human~~ Development Corporation

By: Christopher Paige, Deputy CEO Programs

Respectfully submitted,
California Human Development Corporation

By:________________________
One of its Attorneys

Steven D. Cundra (D.C. Bar No. 374074)
Amy E. Gluck (D.C. Bar No. 453525)
Roetzel & Andress, LPA
1025 Connecticut Ave., N.W.
Suite 220
Washington, D.C. 10036
Tel: (202) 625-0660
Fax: (202) 338-6340

*ATTORNEYS FOR PLAINTIFF,*
*CALIFORNIA HUMAN DEVELOPMENT CORPORATION*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2007, I caused to be sent by messenger a copy of the foregoing "Plaintiff's Responses to Defendants First Set of Interrogatories, First Request for Production of Documents and First Request of Admissions" with attached addressed to the following:

Robert Bigler, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

______________________
Sarah Watson
Paralegal
Roetzel & Andress, LPA
1025 Connecticut Ave., N.W.
Suite 220
Washington, D.C. 10036
Tel: (202) 625-0660
Fax: (202) 338-6340