IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-1029C<br>(Judge Williams) |

DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE IRRELEVANT TESTIMONY OF COERCION

Pursuant to Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that this Court exclude any testimony regarding alleged improper conduct by the Government prior to entering into the alleged close out agreement. Plaintiff California Human Development Corporation ("CHDC") alleges that the Administration for Children and Families ("ACF") agreed to pay all excess construction and other costs relating to a Head Start/Early Head Start facility if CHDC relinquished the program. Complaint, ¶ 4. However, based upon Plaintiff's Amended Memorandum of Contentions of Law and Fact ("Pl. Memo.") and statements made by plaintiff's counsel at various depositions, it appears that plaintiff plans to introduce evidence at trial that the Government used "unauthorized and unapproved 'audit disallowances' to coerce [CHDC] into relinqushing its grants . . . ." Pl. Memo. at ¶ 45. Plaintiff's alleged evidence that the Government coerced plaintiff into relinquishing the grant is irrelevant because plaintiff's complaint is based entirely upon a breach of contract claim arising from its alleged agreement with the Government regarding the Government's alleged commitment to CHDC upon relinquishing the grant. As a result, any

evidence of the Government's alleged improper conduct to coerce CHDC into relinquishing the grant is irrelevant because plaintiff is suing upon the alleged agreement between the parties following plaintiff's relinquishment. The defendant, therefore, respectfully requests that any testimony regarding Government conduct to coerce plaintiff to enter into the alleged agreement be excluded as irrelevant.

## STATEMENT OF FACTS

CHDC received a grant from the Government to construct a Head Start/Early Head Start facility. During the construction of the facility, CHDC spent funds in excess of the amount of the original grant. CHDC attempted to obtain reimbursement from the Government for these excess costs, but the requests were denied.

In July of 2003, CHDC decided to relinquish the Head Start/Early Head Start program. In return for CHDC's agreement to relinquish the program, the Government agreed not to issue a disallowance.[1] CHDC alleges that the ACF agreed to pay all excess construction and other costs relating to a Head Start/Early Head Start facility if CHDC relinquished the program. Complaint, ¶ 4. CHDC's relinquishment of the Head Start/Early Head Start program is discussed in a series of letters between the plaintiff and defendant. A1-2.[2]

In a letter dated July 24, 2003 and signed by Jerry Gomez and Martin Tom, the Government stated that:

> if CHDC formally relinquishes its grants, ACF will not issue or in any other

---

[1] While disallowance procedures offer several opportunities for comment and appeal by the grantee, if the grantee receives a final disallowance, the disallowed amount is money that would be owed back to the Federal Government.

[2] "A__" refers to a page in the appendix attached to this motion.

> manner pursue the disallowances . . . nor will a termination proceeding be required . . . All matters relating to the transfer of the grants will then be addressed in a close out period. All reasonable and necessary close out costs will be fairly negotiated and charged to a close out grant, and all issues relating to the transfer of facility title, licenses, leases, lien claims, and other transfer issues, will also be negotiated and resolved in the ordinary course of the close out.

A1.

CHDC paraphrases this language in its complaint claiming that "reasonable and necessary costs would be fairly negotiated and paid" even though the Government's letter does not state that the costs would be paid. Complaint, ¶ 5. In any event, it is this alleged agreement that is the basis of plaintiff's breach of contract action. Christopher Paige, of CHDC, confirmed that the Government's letter "was a pretty good summary of what [ACF and CHDC] agreed to." A4; A6 (former CHDC Chairman Jose Bernardo referred to the Government's letter as the "close out agreement."). On July 25, 2003, CHDC responded with a letter signed by Jose Bernardo essentially accepting the Government's offer and agreeing to relinquish the Head Start and Early Head Start programs.[3] A2.

CHDC then submitted a request for ordinary closing costs of $196,939 and $484,585 in extraordinary closing costs for a total request of $681,525, which is the subject of this lawsuit. Of these claims, there is no dispute that the Government paid CHDC a total close out amount of $137,532 which includes $104,108 in ordinary close out costs and $33,424 in extraordinary close out costs.

---

[3] CHDC's letter stated in part that on July 25, 2003, CHDC's Board of Directors voted "to relinquish the Head Start and Early Head Start grants." A2. The letter also included a quote from the Government's letter of July 24, 2003 stating that "'All reasonable and necessary close out costs will be fairly negotiated and charged to a close out grant, and all issues related to the transfer of the facility, title, licenses, leases, lien claims and other transfer issues' will also be negotiated and resolved fairly." A2.

ARGUMENT

I. Any Alleged Evidence Of Government Coercion Should Be Excluded

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In this case, the dispute is the extent of the Government's obligation to pay various costs to CHDC under the terms of an alleged close out agreement between the parties. Based on statements included in plaintiff's amended memorandum of contentions of fact and law and arguments made by plaintiff's counsel at various depositions, it appears that plaintiff plans to argue that the Government improperly coerced plaintiff into entering the alleged close out agreement. Any evidence of coercion is irrelevant for several reasons.

First, plaintiff cannot prove an allegation of duress. Duress requires three elements: (1) one side involuntarily accepted the terms of another; (2) circumstances permitted no alternative; and (3) the circumstances were the result of coercive acts of the opposite party. Green Management Corp. v. United States, 42 Fed.Cl. 411, 437-438 (1998). Here, CHDC accepted the Government's offer to relinquish voluntarily, not involuntarily. Moreover, CHDC had other alternatives. CHDC could have allowed the Government to issue the disallowance letter and/or institute termination proceedings and then appealed the Government's action until there was a final outcome. Instead, CHDC voluntarily relinquished the Head Start/Early Head Start programs. As a result, CHDC cannot prove that it was acting under duress.

Second, and more importantly, plaintiff's claim of coercion or duress is fundamentally

inconsistent with plaintiff's complaint which is essentially a breach of contract action alleging that the Government breached the close out agreement by failing to pay various construction costs. Duress, if proven, renders the contract, in this case the closing agreement, as either void or voidable. P.R. Contractors, Inc. v. United States, 76 Fed.Cl. 621, 633 (2007); Green Management, 42 Fed.Cl. at 437. Even if plaintiff was able to prove that it was acting under duress when it relinquished the Head Start/Early Head Start programs, which as stated above it cannot do, plaintiff's duress argument would essentially eliminate its breach of contract claim which is the basis of its complaint.

CHDC voluntarily entered into an agreement in which it agreed to relinquish the Head Start/Early Head Start grants in exchange for the Government's agreement not to issue a draft disallowance letter. A2. Because the complaint in this case is limited to a challenge to the Government's action pursuant to that agreement, any evidence regarding any attempt by the Government to coerce CHDC into entering into this alleged agreement is simply not relevant.

## CONCLUSION

For the reasons given above, the Court should exclude any testimony that the Government coerced plaintiff into entering into the alleged close out agreement.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624

August 13, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 13th day of August 2008, a copy of the foregoing "DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT TESTIMONY OF COERCION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler