IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION, | ) | |
| Plaintiff, | ) | No. 05-1029C |
| v. | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW

In accordance with the Court's order of June 19, 2008, defendant, the United States, respectfully submits the following response to plaintiff's amended memorandum of contentions of fact and law.

## INTRODUCTION

The Court should strike plaintiff's amended memorandum of contentions of law and fact ("Pl. Am. Memo." or "amended memorandum") because any additional information included in the amended memorandum is not based on new discovery as required by the Court's order of June 19, 2008. In fact, the additional information included in the amended memorandum is based on documents that were produced to plaintiff over two years ago and is not the result of new discovery obtained after plaintiff filed its original memorandum on June 16, 2008. The only exception is paragraph 42 of the amended memorandum which is based on new discovery, but should be stricken because it is irrelevant to the dispute between the parties.

## ARGUMENT

On June 19, 2008, the Court amended its original scheduling order to allow plaintiff to

file an amended "contentions of fact and law, based solely on new discovery, no later than August 8, 2008." Court Order of June 19, 2008 (emphasis added). Our comparison and review of plaintiff's amended memorandum reveals that plaintiff's amended memorandum adds additional information to paragraph 39 and adds entirely new paragraphs at 42, 43 and the last sentence of paragraph 45. With the exception of paragraph 42, which is based upon testimony provided by Paul Johnson at his deposition on August 5, 2008, all remaining information added to plaintiff's amended memorandum is based on documents that were provided to plaintiff over two years ago and is certainly not based upon any evidence discovered after plaintiff's original memorandum was filed on June 16, 2008.

For instance, plaintiff adds a second sentence to paragraph 39, which is based entirely on a letter signed by Paul Johnson which was sent to CHDC's attorney on July 7, 2004 and was also produced to plaintiff on July 14, 2006. As this sentence is not based on new discovery as required by the Court's order of June 19, 2008, this sentence should be stricken.

Plaintiff has also added paragraph 43 to its original memorandum. Paragraph 43, is based entirely on an email that was produced to plaintiff on July 14, 2006. As this paragraph is not based on new discovery as required by the Court's order of June 19, 2008, this paragraph should also be stricken.

Lastly, plaintiff adds a final sentence to paragraph 45, which states that "[t]his conduct was in breach of its contract and duties to CHDC." Certainly, this unsupported conclusion is not based upon any new discovery and should also be stricken.

Furthermore, with regard to paragraph 42, plaintiff argues that Paul Johnson testified at his deposition that "he was not aware of any audit or monitoring visit report that would be

needed to allow a cost disallowance letter to be issued . . ." This testimony is irrelevant because plaintiff is suing the Government based upon an alleged close out agreement whereby plaintiff contends that the Government breached the alleged close out agreement once plaintiff relinquished the Head Start/Early Head Start programs. Duress or coercion, if proven, renders the contract, in this case the closing agreement, as either void or voidable. P.R. Contractors, Inc. v. United States, 76 Fed.Cl. 621, 633 (2007); Green Management, 42 Fed.Cl. at 437. Therefore, even if plaintiff is able to prove that it was acting under duress when it relinquished the Head Start/Early Head Start programs, which it cannot do, plaintiff's duress argument would essentially eliminate its breach of contract claim which is the basis of its complaint.[1] As a result, paragraph 42 of plaintiff's amended memorandum should be stricken because it is irrelevant.

CONCLUSION

For the foregoing reasons, we respectfully request the Court to strike plaintiff's amended memorandum of contentions of fact and law in its entirety.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

[1] A more detailed explanation as to why this testimony is irrelevant and should be excluded is included in "Defendant's Motion In Limine To Exclude Irrelevant Testimony Of Coercion" filed concurrently with this response.

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624

August 13, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 13th day of August 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler