IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CALIFORNIA HUMAN DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-1029C<br>(Judge Williams) |

DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE PLAINTIFF'S EXHIBITS

Pursuant to Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that this Court exclude exhibits 110-115 listed on plaintiff's exhibit list filed on August 13, 2008. These exhibits are documents that were produced to plaintiff over two years ago and these exhibits are not the result of new discovery obtained after plaintiff provided its original list of exhibits to defendant following the meeting of counsel on May 23, 2008.

STATEMENT OF FACTS

Counsel for the parties held their meeting of counsel on May 23, 2008. At the meeting, defendant provided plaintiff with a complete copy of the exhibits it plans to introduce at trial. The following week, plaintiff provided the defendant with a complete copy of the exhibits that it plans to introduce at trial.

At a status conference held on June 18, 2008, the Court extended discovery to allow the plaintiff to complete three additional depositions of Jan Len, John Codington, and Paul Johnson. These depositions were completed on July 31, 2008 and August 5, 2008. On July 25, 2008, as

required by the Court's scheduling order of February 15, 2008, the defendant filed the list of joint exhibits with the Court which included all of defendant's exhibits provided to plaintiff's counsel at the meeting of counsel and all of plaintiff's exhibits provided to defendant the week after the meeting of counsel, with the exception of eight exhibits consisting of handwritten notes which defend objected to including as joint exhibits.[1] Defendant offered to include in its July 25, 2008 filing a list of plaintiff's exhibits, if any, but plaintiff failed to provide its list of exhibits.

At approximately 11 p.m. on August 13, 2008, the day before the final pre-trial conference in this matter, plaintiff filed a list of witnesses and exhibits. The exhibit list included eight exhibits that were not provided to defendant following the meeting of counsel as exhibits upon which plaintiff intended to rely upon at trial. With the exception of the deposition notices of the three witnesses that plaintiff deposed in July and August of 2008, which defendant does not object to, plaintiff's exhibits number 110 through 115 are documents that were produced to plaintiff as part of the Government's original disclosures provided to plaintiff on approximately July 14, 2006, over two years ago.[2]

ARGUMENT

Plaintiff's exhibits 110-115 should be excluded because plaintiff failed to identify these exhibits to defendant at the meeting of counsel and it also failed to file a list of these exhibits

[1] The eight exhibits of handwritten notes which defendant objected to and did not include in the joint exhibits, do not appear to be an issue here because they are different than the exhibits that plaintiff included on its exhibit list, which are the subject of this motion in limine.

[2] While plaintiff has not provided us copies of the exhibits that it identified on its exhibit list of August 13, 2008, we assume that the exhibits are the same as the exhibits numbered 110-115 that were used by plaintiff at the recent depositions. As a result, we have attached copies of what we believe to be plaintiff's exhibits that defendant objects to in the appendix to this motion.

with the Court on July 25, 2008, both of which are required by the Court's scheduling order of February 15, 2008. Plaintiff now attempts to justify its failure to disclose these exhibits to defendant following the meeting of counsel by claiming that "[p]ursuant to the Court's ruling allowing CHDC to depose Mr. Codington, Mr. Johnson and Mrs. Len, Plaintiff has submitted additional exhibits pursuant to those depositions along with its final witness list." Plaintiff is apparently claiming that because it did not complete these depositions until after the meeting of counsel that it was not required to identify these exhibits to defendant at the meeting of counsel. Plaintiff also appears to contend that it was not required to file these exhibits with the Court on July 25, 2008 as required by the Court's scheduling order of February 15, 2008. However, there is no reason why plaintiff could not have identified these exhibits to defendant at the meeting of counsel or filed them with the Court on July 25, 2008, because all of these documents were produced to plaintiff by the defendant over two years ago. None of these documents were produced to plaintiff at these depositions and plaintiff cannot claim that these exhibits are new simply because they used the exhibits when deposing the witnesses after the exhibits should have been disclosed to counsel and identified to the Court. As a result, we respectfully request that the Court exclude these exhibits at trial because plaintiff failed to identify them to the defendant at the meeting of counsel and failed to identify them to the Court on July 25, 2008, both of which are required by the Court's scheduling order of February 15, 2008.

## CONCLUSION

For the reasons given above, the Court should exclude plaintiff's exhibits 110-115.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624

August 19, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 19th day of August 2008, a copy of the foregoing "DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXHIBIT LIST" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler